El Pueblo de Puerto Rico, demandante y apelado, *v.* Winston Garrick, acusado y apelante.

*Número:* CR-76-51      *Resuelto:* 17 de septiembre de 1976

*Rubén Segundo Faura,* abogado del apelante; *Miriam Naveira de Rodón, Procuradora General, Roberto Armstrong, Jr., Procurador General Interino,* y *Ronaldo Rodríguez Ossorio, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El 19 de febrero de 1974 se formuló acusación contra el apelante por diversas infracciones a la Ley de Sustancias Controladas. El 16 de abril de dicho año el apelante solicitó la desestimación de los cargos a base de lo prescrito en los incisos 2, 3 y 4 de la Regla 64 (n) de las de Procedimiento Criminal. El 17 de abril de 1974, fecha señalada para la vista del caso en su fondo, se discutió primera-

mente la moción de desestimación, denegándose la misma y posponiéndose la vista del caso en sí para el 8 de mayo siguiente. El 7 de mayo el apelante reprodujo su moción de desestimación anterior, añadiéndole otros fundamentos. Visto el caso, el jurado halló culpable al apelante y lo condenó a cumplir concurrentemente tres sentencias de siete a doce años de prisión.

El apelante sostiene que se cometió error al no declarar con lugar su moción en lo que toca a las alegadas violaciones del segundo y tercer incisos de la Regla 64(n). Argumenta también el apelante que no se identificó adecuadamente por el químico la marihuana objeto de las transacciones.

La Regla 64(n)(2) dispone:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

. . . . . . . .

(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento

. . . . . . . .

(2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta días de su arresto o citación. . . ."

El Ministerio Público expresa en su alegato que "Luego de examinar nuestro expediente y los expedientes que obran en la Secretaría de este Honorable Tribunal, no hemos hallado constancia fehaciente de la fecha en que el apelante fue arrestado. El apelante expresó durante el juicio y en su alegato en apelación que fue arrestado el 9 de diciembre de 1973. No obstante, dada la ausencia de documentación que establezca la certeza de esa fecha, carecemos de fundamento para aceptar o rechazar la veracidad de esa aseveración." Sostiene el Estado que "La mera alegación de un acusado de que fue arrestado en determinada fecha—en ausencia de

prueba fehaciente sobre la exactitud de dicha fecha—no debe dar lugar a la revocación de la sentencia . . . máxime cuando dicho planteamiento fue declarado sin lugar en dos ocasiones por un juez de instancia que presumiblemente tenía todos los elementos de juicio necesarios para resolver justicieramente tal planteamiento."

■ El argumento es sorprendente. La fecha de un arresto no es conocimiento privativo del arrestado, ni son las personas arrestadas las depositarias de los récords oficiales pertinentes. Si un acusado alega que se le arrestó en determinada fecha, el Estado tiene la obligación de refutar su testimonio con la amplia prueba a su disposición, si es que considera que la declaración presentada al efecto es inexacta. De cruzarse de brazos el Ministerio Público queda en pie la presunción de verdad que asiste el testimonio de todo testigo. Art. 21 de la Ley de Evidencia, 32 L.P.R.A. sec. 1664.

Conturba señalar, en adición, que el argumento del Estado se basa en hechos incompletos. No fue únicamente el acusado quien afirmó que su arresto ocurrió el 9 de diciembre de 1973. La transcripción de la prueba revela que el Policía Leonardo Cruz, quien participó en el arresto, afirmó categóricamente que "El día del arresto a eso de las once, el 9 de diciembre de 1973, a eso de las once aproximadamente, se arrestó al aquí acusado frente a la Y.M.C.A. en San Juan. . . ." (T.E. pág. 71.) En adición al agente Cruz, el fiscal tenía en el momento del juicio a su disposición otros agentes que presenciaron el arresto. No se contradijo el referido testimonio del agente Cruz, ni el prestado a los mismos efectos por el acusado.

■ Hay constancia en autos de que el arresto tuvo lugar el 9 de diciembre de 1973 y que la acusación no se presentó hasta el 19 de febrero de 1974, transcurridos 71 días del arresto, en aparente exceso del término de sesenta días a que se refiere la RPC 64(n)(2). Sin embargo, tratándose de un delito grave (*felony*) en el que no puede presen-

tarse acusación(¹) hasta cumplido el trámite de vista preliminar ordenado por la Regla 23 de Procedimiento Criminal para el cual señalamos un término de 60 días en *Pueblo* v. *Opio Opio*, 104 D.P.R. 165 (1975), la acusación presentada 11 días después de vencido este último plazo está en tiempo, en ausencia de circunstancias extraordinarias y excepcionales demostrativas de abuso del término para celebración de la vista preliminar.

Aun bajo el supuesto de que hubiese mediado tardanza en la radicación de la acusación en este caso, procede confirmar la sentencia dictada. La Regla 63 de las de Procedimiento Criminal ordena:

"Regla 63. DEFENSAS Y OBJECIONES; CUANDO SE PROMOVERAN; RENUNCIA

Excepto las defensas de falta de jurisdicción del tribunal y la de que no se imputa delito, las cuales podrán presentarse en cualquier momento, cualquier defensa u objeción susceptible de ser determinada sin entrar en el caso en su fondo se deberá promover mediante moción presentada al hacerse alegación de no culpable o antes de alegar, pero el tribunal podrá permitir por causa justificada la presentación de dicha moción dentro de un período posterior razonable. . . ."

En este caso la lectura de la acusación ocurrió el 12 de marzo de 1974. El apelante compareció asistido de abogado, hizo alegación de no culpable y solicitó juicio por jurado. La moción de desestimación no se produjo hasta poco más de un mes después, el 16 de abril de 1974. Del récord no se desprende la razón de la demora.

■ En *Rabell Martínez* v. *Tribunal Superior*, 101 D.P.R. 796 (1973), resolvimos que el acusado renunció a su defensa bajo la Regla 64(n)(2) al formular su moción de desestima-

---

(¹) La Regla 64(p) de Procedimiento Criminal declara fundamento de desestimación de la acusación el haberla presentado sin que se hubiere determinado causa probable por un magistrado.

ción cerca de dos años y medio después del acto de lectura de la acusación. A igual conclusión llegamos en *Pueblo* v. *Tribunal Superior*, 104 D.P.R. 454 (1975), en que la dilación montó a unos dieciocho meses.

En este caso la demora de la defensa fue corta, pero lo cierto es que no se ha puesto a este Tribunal en condiciones de pasar juicio sobre si existió o no justificación para la misma, como tampoco, según hemos indicado, sobre si hubo justa causa para la dilación del Ministerio Fiscal en presentar la acusación. Las reglas procesales no se han dictado para ahogar la voz de la justicia, pero ello no significa que se puede ignorar libremente el fin que entrañan. Opinamos que tanto el Ministerio Público como la defensa tienen el deber afirmativo de velar por que el récord incluya en casos de este género la razón necesaria para que este Tribunal pueda revisar las determinaciones que se efectúen sobre si la demora de una u otra parte estuvo o no justificada. Al presentarse una moción de desestimación bajo la Regla 64 (n), el Ministerio Público debe, en buena práctica, explicar por escrito la razón de la tardanza a que se aluda en la moción de la defensa. La defensa, a su vez, debe exponer en toda moción de desestimación basada en fundamento renunciable los hechos en que se apoya la misma y, de radicarse tardíamente, las razones que impidieron su formulación antes de alegar.

A la luz de lo anterior, resolvemos que, aun en ausencia de explicación para la demora de unos días en la presentación de la acusación, se renunció en este caso a las defensas basadas en la Regla 64 (n) (2) y (3). No se ha aducido circunstancia alguna que pueda servir de apoyo para que este Tribunal exima al acusado bajo la Regla 63 de los efectos de su renuncia.

Respecto al último argumento del apelante, concerniente a la identificación de la marihuana, el mismo es inmeritorio.

El testimonio del químico (T.E. págs. 75–93) es ampliamente suficiente para sostener el veredicto.

*Se confirmará la sentencia.*