EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.*
JEREMÍAS CORDERO RODRÍGUEZ, acusado y peticionario.

*Número:* O-80-411      *Resuelto:* 27 de enero de 1981

*Eloy Verdejo Roque,* abogado del peticionario, *Héctor A. Colón
Cruz, Procurador General,* y *Rosemary Corchado Lorent,
Procuradora General Auxiliar,* abogados de El Pueblo.

RESOLUCIÓN

Concedimos término al Procurador General de Puerto Rico
para que compareciera a mostrar causa por la cual no debe-
ríamos expedir el auto de *certiorari* solicitado por el peti-
cionario Jeremías Cordero Rodríguez y oportunamente orde-
nar el archivo de una denuncia por violación de la Ley de
Sustancias Controladas (Distribución de Heroína).

El trasfondo fáctico procesal que origina este recurso es
como sigue:

La denuncia contra Cordero Rodríguez fue radicada el 12
de septiembre de 1979. El 16 de octubre solicitó bajo la Regla
95 de Procedimiento Criminal unos documentos para la cele-
bración de la vista preliminar señalada para el 2 de noviem-
bre de 1979. Fue suspendida por no haberse cumplido con la
orden bajo la Regla 95 y transferida para el 21 de diciembre

de 1979. Ese día fue nuevamente suspendida ya que no compareció el agente Luzgardo Liciaga y señalada para el 8 de febrero de 1980, fecha en que también fue suspendida y señalada para el 11 de febrero de 1980. Otra vez la vista fue pospuesta para el día 28 de marzo de 1980 y nuevamente suspendida por razón de no encontrarse presente la prueba de cargo.

El 28 de abril de 1980 se celebró la vista preliminar con un solo testigo del Ministerio Público, determinando el juez de instancia inexistencia de "causa probable . . . por falta de prueba del M[inisterio] P[úblico]".

No conforme, el Ministerio Fiscal acudió ante un Juez Superior. Allí el peticionario *por primera vez* solicita el archivo de la denuncia al amparo de la Regla 64 de Procedimiento Criminal, aduciendo violación al juicio rápido y explicando que no levantó antes esa defensa en el Tribunal de Distrito debido a que su experiencia le indica que una vez se archiva el caso, se reabre el mismo. El fundamento no es válido. Tardíamente invoca en otro foro el derecho que pudo reclamar, pero que no reclamó a tiempo y en forma efectiva.

Lo acaecido en el Tribunal de Distrito pudo muy bien ser motivo de archivo, pues no se justificó la ausencia e incomparecencia del agente Liciaga, situación altamente reprobable y censurable. Ahora bien, debió plantear allí el peticionario que no renunciaba al trámite de juicio rápido. Su silencio absoluto al respecto constituye una aquiescencia que derrota su posición ante el magistrado superior.

Recordemos:

Repetidamente hemos expresado que el derecho a un juicio rápido es fundamental, *Pueblo* v. *Arcelay Galán*, 102 D.P.R. 409 (1974); *Jiménez Román* v. *Tribunal Superior*, 98 D.P.R. 874 (1970); *pero también se reconoce que el concepto "juicio rápido" es uno flexible que requiere tomar en cuenta las circunstancias que rodean cada reclamo de ese derecho.* En *Baker* v. *Wingo*, 407 U.S. 514 (1972), se cita *Beavers* v. *Haubert*, 198 U.S. 77 (1905), al efecto de que "El derecho a un juicio rápido es una

cuestión puramente relativa. Depende de muchísimas circunstancias y debe ajustarse a los consabidos aplazamientos. Garantiza los derechos del acusado; pero no excluye los derechos de la justicia pública". *Pueblo* v. *Reyes Herrans,* 105 D.P.R. 658, 660 (1977). (Énfasis nuestro.) *Cf. Hernández Pacheco* v. *Flores Rodríguez,* 105 D.P.R. 173 (1976).

Visto lo expuesto y la comparecencia del Procurador General, no ha lugar al *certiorari* solicitado.

Lo acordó el Tribunal y certifica el señor Secretario. El Juez Asociado Señor Irizarry Yunqué emitió voto disidente al cual se une el Juez Presidente Señor Trías Monge.

(Fdo.) Ernesto L. Chiesa

*Secretario*

—O—

Voto disidente del Juez Asociado Señor Irizarry Yunqué al cual se une el Juez Presidente Señor Trías Monge.

San Juan, Puerto Rico, a 27 de enero de 1981

La resolución de este Tribunal, negándose la expedición del auto de *certiorari* solicitado por el peticionario, parte del supuesto que éste renunció a su derecho a juicio rápido al no solicitar el archivo de la causa al magistrado que entendía en la vista preliminar en primera instancia. Aparte de que no hubo tal renuncia, los incidentes de este caso informan una conducta oficial extraña, que permanece inexplicada en los autos ante nos.

Vamos a los hechos. El 16 de septiembre de 1979 se presentó denuncia contra el aquí peticionario por una alegada infracción de la Ley de Sustancias Controladas. Citado para vista preliminar para el 2 de noviembre siguiente, el peticionario oportunamente presentó, el 16 de octubre, una moción bajo la Regla 95 de Procedimiento Criminal, y se expidió orden el 19 de ese mes, bajo dicha regla, requiriéndose al fiscal que suministrara y permitiera al abogado del peticionario

inspeccionar y copiar determinados documentos. No obstante que dicha orden se emitió y notificó más de dos semanas antes de la fecha señalada para la vista, el fiscal no la cumplió. Ello motivó la primera posposición, y un nuevo señalamiento para el 21 de diciembre. Llegada esa fecha no pudo celebrarse la vista preliminar por estar ausente el agente Luzgardo Liciaga, testigo de cargo. Siguieron otros señalamientos —2 y 11 de febrero y 28 de marzo— sin que pudiera celebrarse dicha vista preliminar, ora por incumplimiento de la orden bajo la Regla 95, ora por no estar preparado el fiscal. En todas dichas fechas el peticionario compareció personalmente y asistido de su abogado.

Llegó el 28 de abril de 1980. El fiscal anunció estar preparado. Se juramentaron sus testigos, agente Rainel Reyes y su supervisor de la Unidad de Drogas de la Policía de Ponce, Luzgardo Liciaga. El peticionario anunció un testigo de defensa, cuya identificación no reveló en ese momento por tratarse del alegado confidente, a quien tenía disponible para prestar testimonio. Puestos los testigos bajo las llamadas "reglas del tribunal", comenzó la vista con el testimonio del agente Rainel Reyes. Concluido su testimonio, se llamó a su supervisor Luzgardo Liciaga, y no apareció. Inexplicablemente se ausentó del tribunal, sin autorización alguna. El peticionario accedió entonces a que se alterase el orden de la prueba y presentó la suya. Llegado el mediodía se recesó hasta las dos de la tarde para entonces oír el testimonio de Liciaga. Éste no se presentó y, pasadas las 2:30, sin que el fiscal presentara tampoco prueba del análisis químico de la substancia controlada cuya distribución se imputaba al peticionario, se determinó no haber causa probable, quedando con ello exonerado.

A esta fecha habían transcurrido 229 días desde que el peticionario fuera detenido el 12 de septiembre de 1979. Transcurrieron 36 días más y el fiscal entonces presentó "solicitud de Vista Preliminar en alzada" ante el Tribunal

Superior, ordenándose su celebración el 30 de junio de 1980, es decir, 63 días después de haberse determinado que no había causa probable. El peticionario oportunamente presentó moción de archivo y sobreseimiento de la nueva solicitud, invocando que se había violado su derecho a juicio rápido. Al llamarse el caso el 30 de junio de 1980, se declaró sin lugar dicha moción. Pero no se celebró la vista. El agente Liciaga tampoco estaba presente entonces, diz que por enfermedad, y se transfirió la vista preliminar para el 24 de julio de 1980, es decir, trescientos diez y seis días (diez meses y medio) desde que el peticionario fuera detenido. En ese período hubo unos seis señalamientos a todos los cuales compareció el peticionario.

Señalamos en *Pueblo* v. *Opio Opio*, 104 D.P.R. 165 (1975), págs. 169–170:

El derecho a juicio rápido no se circunscribe al acto del juicio propiamente dicho; se extiende para abarcar todas las etapas en progresión gradual desde la imputación inicial de delito. De otro modo ese derecho podría ser burlado prolongando sin justificación los trámites precedentes al juicio como ha ocurrido en este caso. En términos del derecho fundamental de todo ser humano a sentirse libre de la opresión y la preocupación martirizante que genera una acusación injusta, no hay diferencia apreciable entre la demora en someter la acusación al crisol depurante de la vista preliminar y la tardanza en celebrar el juicio para la decisión final sobre culpabilidad o inocencia. El derecho a juicio rápido, fundamental en nuestro procedimiento criminal, quedaría gravemente afectado en su virtualidad y esencia si el Estado pudiera prolongar por término irrazonable la celebración de la vista preliminar. La Regla 247(b) de Procedimiento Criminal, que faculta al tribunal a sobreseer la causa a instancia propia, es adecuado vehículo para proteger al acusado de la excesiva tardanza en la celebración de la vista preliminar.

Se pretende que el peticionario renunció a su derecho a juicio rápido al no solicitar el archivo de la causa en el Tribunal de Distrito. No creo que así fuera, pues se trata de uno de los derechos constitucionales fundamentales, al que no

se renuncia implícitamente. Su renuncia debe ser expresa y no presunta. Así lo señalamos en *Pueblo* v. *Arcelay Galán*, 102 D.P.R. 409 (1974), donde dijimos (págs. 415–416):

A la luz de lo anterior, resolvemos que la moción de desestimación radicada por el acusado a base de violación a su derecho a un juicio rápido basta para invocar su derecho a un juicio rápido. La no objeción por el acusado del señalamiento efectuado posteriormente no constituyó una renuncia a tal derecho. Se revoca en este sentido la doctrina representada por *Pueblo* v. *Martínez Vega*, 98 D.P.R. 946 (1970). *Las renuncias a los derechos constitucionales fundamentales deben ser expresas y no presuntas, así como voluntarias y efectuadas con pleno conocimiento de causa. Pueblo* v. *Morales Romero,* 100 D.P.R. 436 (1972). (Énfasis suplido.)

Más aún, en el supuesto de considerar que hubo una renuncia implícita válida del derecho a juicio rápido al no solicitarse archivo en el Distrito, no puede entenderse con ello que se renunció a ese derecho para siempre. El peticionario invocó su derecho ante el Tribunal Superior, donde había de celebrarse la vista "en alzada" sesenta y tres días después de haber sido exonerado. No solamente se denegó su solicitud, sino que, además, se pospuso la vista para veinticuatro días más tarde. Bastó que el fiscal alegara que el agente Liciaga estaba enfermo. Este es el mismo testigo cuya ausencia no explicada había provocado varias suspensiones en el Tribunal de Distrito. Es el mismo testigo que el 28 de abril de 1980, sin autorización y sin explicación alguna, violó las "reglas del [t]ribunal" al ausentarse después de haber sido juramentado y no presentarse más al tribunal. ¿Por qué se ausentó? ¿Qué acción se tomó contra dicho testigo para vindicar el respeto debido al tribunal? ¿Qué importancia, para la explicación de la conducta del agente Liciaga, podría tener que el alegado confidente es testigo de defensa del peticionario? ¿Por qué el fiscal, sin tener prueba del análisis químico, anunció estar preparado para la vista del 28 de abril de 1980, cuando por ese solo hecho era obvio que no estaba preparado?

¿Puede hacerse depender el proceso judicial, sobre todo en lo criminal, de tan inexplicable conducta oficial?

Por todas las consideraciones aquí expuestas, mantendría el criterio intimado en la resolución sobre mostración de causa de este Tribunal de 14 de agosto de 1980, expediría el auto y revocaría la resolución que denegó la moción de archivo y sobreseimiento.