Aponte Jiménez, Juez Ponente
*794 TEXTO COMPLETO DE LA RESOLUCION
Mediante el presente recurso, el Procurador General solicita que revisemos la resolución emitida por el tribunal de Primera Instancia, Sala Superior de Ponce, la cual desestimó la denuncia presentada contra el recurrido, Héctor Oliveras Gutiérrez, al amparo de la Regla 64 (n)(5) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en su etapa de vista preliminar.
Los hechos no están en controversia. El 10 de abril de 1998 se presentó denuncia contra el imputado-recurrido, Héctor Oliveras Gutiérrez, por el delito de infracción al Artículo 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. see. 2401. Al no poder prestar la fianza impuesta fue ingresado en la cárcel de Ponce. La vista preliminar fue suspendida en dos ocasiones por razón de estar incompleta la prueba de cargo. El imputado no se opuso. Finalmente fue señalada para el lunes 11 de mayo de 1998. Ese día, la Hon. Juez Rosalín Santana informó a las partes que no podía atender la vista preliminar señalada por razón de que fue ella quien determinó causa probable para el arresto del imputado. Ese incidente ocurrió en horas de la mañana. Sorprendentemente, a eso de la 5:00 de la tarde dispuso que se hicieron gestiones para que el caso se viera en la sala de la Hon. Juez Margarita Colón. Más sorprendente aún resulta el hecho de que a esa hora el imputado no fue llevado a sala por razón de que se estaba realizando una reunión de alguaciles. El abogado de la Sociedad Para Asistencia Legal a cargo del caso solicitó entonces del tribunal que desestimase el caso ya que habían pasado los treinta (30) días reglamentarios sin que al confinado se le hubiese celebrado la vista preliminar. Luego de argumentar ambas partes, el tribunal acogió el planteamiento y desestimó el cargo imputado.
La Constitución del Estado Libre Asociado de Puerto Rico en su Sección 11, Artículo II, reconoce que todo "acusado disfrutará del derecho a un juicio rápido. Este derecho cobra vigencia desde que el imputado de delito es detenido o está sujeto a responder, como regla general". Pueblo v. Rivera Tirado, 117 D.P.R. 419, 431 (1986). Asiste tanto al individuo como a la sociedad. Pueblo v. Arcelay Galán, 102 D.P.R. 409, 417 (1974). El Tribunal Supremo de Puerto Rico en Pueblo v. Rivera Tirado, 117 D.P.R. 419, 433-438, (1986), citando el caso federal de Barker v. Wingo, 407 U.S. 514, 531-533 (1972), incorporó los siguientes cuatro criterios relevantes para evaluar las reclamaciones de violaciones al derecho a juicio rápido, a saber: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado invocó oportunamente el derecho ajuicio rápido; (4) el perjuicio resultante de la tardanza. En ese mismo caso, analizando los casos de Barker v. Wingo, supra, y de United States v. MacDonald, 435 U.S. 850 (1978), nuestro más Alto Foro, expresó lo siguiente:
"La pesquisa de si se infringió o no ese derecho [el de juicio rápido] no debe descansar exclusivamente en una regla inflexible adherida a medidas de calendario que impida la ponderación de todos los intereses enjuego. El enfoque es más bien de tipo pragmático y responde a la naturaleza inherente de la dinámica del derecho a juicio rápido. Es relativo, no absoluto. Juicio rápido no es un concepto incompatible con cierta tardanza, pero la demora no debe ser intencional ni opresiva." (Citas omitidas.)
Id., pág. 433.
La normativa adoptada por la doctrina refleja que los términos para la celebración de las distintas etapas del proceso criminal no son inflexibles ni rígidos. El precepto constitucional que garantiza un *795 juicio rápido no se le reconoce como uno preciso, formalista, estático e inexorable. Su esencia está ligada y se ciñe a condiciones que permiten soslayar una automática, invariable y firme aplicación. "El derecho ajuicio rápido es una cuestión puramente relativa. Depende de muchísimas circunstancias y debe ajustarse a los consabidos aplazamientos. Garantiza los derechos del acusado; pero no excluye a los derechos de la justicia pública." Pueblo v. González Rivera, 93 J.T.S. 7, pág. 10321, citando a Pueblo v. Cordero Rodríguez, 110 D.P.R. 638, 639 (1981)."
En Pueblo v. Rivera Arroyo, 120 D.P.R. 114, 119 (1987), el Tribunal Supremo resolvió que:
"Aun cuando en reiteradas ocasiones hemos reconocido que el derecho constitucional a un juicio rápido es de carácter fundamental, Pueblo v. Reyes Herrans, 105 D.P.R. 658 (1977); Pueblo v. Opio Opio, supra; Pueblo v. Arcelay Galán, 102 D.P.R. 409 (1974); Jiménez Román v. Tribunal Superior, 98 D.P.R. 874 (1970), hemos igualmente afirmado que no es absoluto. Pueblo v. Rivera Navarro, 113 D.P.R. 642, 644 (1982). Más bien es un derecho que requiere tomar en cuenta las circunstancias que rodean cada reclamo del mismo. Pueblo v. Reyes Herrans, supra. Es por virtud de ello y del carácter relativo que le es inherente, Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1989), que hemos aceptado como constitucionalmente válido el condicionamiento que impone la Regla 64 (n) de Procedimiento Criminal vigente, 34 L.P.R.A. Ap. II, al reclamo que al amparo de ella hagan los imputados o los acusados de delito, esto es:

1. Justa causa para la demora.

2. La demora se debe a la solicitud del acusado o a su consentimiento."

Ciertamente, el Tribunal Supremo ha expresado reiteradamente que el derecho constitucional a juicio rápido cobija a los acusados en la etapa de la vista preliminar. Pueblo v. Opio Opio, 104 D.P.R. 165 (1975); Pueblo v. Vélez Castro, 105 D.P.R. 246 (1976); Pueblo v. Félix Avilés, 91 J.T.S. 50. Ese derecho constitucional no necesariamente se viola por el hecho escueto de que la vista preliminar no se celebre dentro del término establecido si en la dilación concurren cualesquiera de las siguientes razones: 1) porque exista justa causa para la demora; 2) porque ésta sea atribuible a una solicitad del acusado o con su consentimiento; 3) o porque éste hubiese renunciado su derecho ajuicio rápido de forma expresa, voluntaria con pleno conocimiento de causa. Pueblo v. González Rivera, supra, pág. 10321. La adjudicación de una moción de desestimación fundada en que no se celebró la vista preliminar dentro del término requerido debe hacerse considerando los mismos factores que se utilizan para la determinación de si ha habido violación al derecho a juicio rápido. Chiesa Aponte, Ernesto, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, Colombia, 1992, Vol. II, pág. 168.
Ahora bien, independientemente de lo anterior, en el caso de autos incidió el foro recurrido al desestimar el cargo presentado contra el acusado recurrido por razón de haber transcurrido el término de treinta (30) días para celebrarle al imputado la vista preliminar. Del 10 de abril al 11 de mayo habían transcurrido solamente treinta (30) días no sea sábado, domingo o día legalmente feriado. "Cuando el plazo prescrito o concedido sea menor de siete (7) días, sábado, domingo o días de fiesta legal intermedios, se excluirán del cómputo. Medio día feriado se considerará como feriado en su totalidad." desde la determinación de causa para el arresto hasta la resolución de desestimación, no treinta y uno (31) como lo estimó el foro recurrido. Ello es así debido a que, a pesar de que al 11 de mayo se cumplieron treinta (30) días de cálculo numérico al que alude la Regla 64(n)(5) para presentar acusación o denuncia cuando el imputado, como aquí, se encuentra recluido, ese día cayó domingo. Según la Regla 249 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 249, la computación de cualquier término prescrito o concedido por estas reglas, o por orden del Tribunal, o por cualquier estatuto aplicable, se verificará conforme a la Regla 68.1 de Procedimiento Civil, 32 L.P.R.A., Ap. III. Dicho precepto procesal civil dispone lo siguiente:

"En el cómputo de cualquier término prescrito o concedido por estas reglas, por orden del tribunal o por cualquier estatuto aplicable, no contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empiece a transcurrir. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, quedando entonces extendido el plazo hasta elfin del próximo día que sea hábil."

*796 Al caer el día treinta (30) domingo, el plazo de treinta (30) días utilizado por el foro recurrido para activar el derecho a juicio rápido y desestimar el cargo imputado se extiende, pues, hasta el fin del próximo día laborable. Al momento que se decretó la desestimación revisada todavía no habían transcurrido los treinta (30) días aludidos en garantía del derecho a juicio rápido. Procedía la celebración de la vista preliminar el mismo día que se ordenó el archivo del cargo imputado en lugar de la desestimación decretada. Incidió, pues, el foro recurrido al así dictaminar y no proceder a celebrar la vista preliminar para lo que muy bien debió ordenar la presencia en su sala de un alguacil y que se trajera al imputado a esos fines. Esa pasividad y falta de dirección activa de la magistrada que intervino es la que precisamente contribuye a desnaturalizar la finalidad del proceso criminal ante los foros de instancia. Lo anterior no impide, sin embargo, que de determinarse causa probable en contra del imputado-recurrido, éste reproduzca la moción ante el foro que se presente la acusación, esta vez para que se desestime la acusación al amparo de la Regla 64, supra, en su acápite aplicable, aspecto sobre el cual no estamos pasando juicio en estos momentos.
Por los motivos que anteceden se expide el auto de certiorari solicitado por el Procurador General y se revoca la resolución recurrida. Se dispone la reinstalación de la denuncia presentada contra el imputado-recurrido y se ordena, por consiguiente, la continuación de los procedimientos relacionados con la vista preliminar.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General