EL PUEBLO DE PUERTO RICO, recurrido, *v.* JOSÉ CARTAGENA FUENTES, peticionario.

*Número:* CC-2000-734 *Resuelto:* 11 de octubre de 2000

 

*Cándida Valdespino Zapata*, de la *Sociedad para Asistencia Legal*, abogada del peticionario; *Gustavo A. Gelpí Abarca, Procurador General.*

PER CURIAM

(Regla 50)

Debemos determinar cuándo comienza a computarse el término dentro del cual el Ministerio Fiscal debe presentar la acusación en casos por delito grave conforme a las disposiciones de la Regla 64(n) de Procedimiento Criminal.

El peticionario José Cartagena Fuentes solicita la revisión de una resolución dictada el 28 de agosto de 2000, por el Tribunal de Circuito de Apelaciones, mediante la cual se denegó el recurso de *certiorari* que presentó, fundamentándose en que los términos para presentar la acusación en casos por delito grave se computan "a partir del momento en que se autorizó la presentación de la acusación al determinarse causa probable para acusarlo" en la vista preliminar bajo la Regla 23 de Procedimiento Criminal. Por considerar que dicho término se computa desde la fecha del

arresto o detención del acusado para responder del delito, revocamos.

## I

El 15 de abril de 2000 se determinó causa probable para arrestar a José Cartagena Fuentes por violación al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971 (24 L.P.R.A. sec. 2101 *et seq.*),(¹) en una vista a la que compareció sin representación legal y por hechos ocurridos ese mismo día. Se le impuso una fianza de dos mil dólares ($2,000), la cual no pudo prestar, por lo que fue ingresado en la Cárcel Regional del Sur. Se señaló la vista preliminar al amparo de la Regla 23 de Procedimiento Criminal,(²) para el 3 de mayo de 2000. El 2 de mayo se le asignó a la Sociedad para Asistencia Legal la representación legal del acusado en la vista preliminar. El 3 de mayo la vista fue suspendida, ya que el peticionario no fue trasladado de la cárcel en que se encontraba detenido, además de que la magistrada designada a presidir la misma estaba impedida de hacerlo, por razón de que era la misma jueza que había determinado causa probable para su detención bajo la Regla 6 de Procedimiento Criminal.(³) La vista preliminar fue pospuesta para el 9 de mayo, pero tampoco pudo celebrarse ya que los testigos de cargo no comparecieron, por lo que se transfirió la misma para el 23 de mayo. Finalmente, la vista fue celebrada el 24 de mayo de 2000. Se determinó causa probable para acusar mediante el Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, *supra*, y se señaló la lectura de la acusación para el 20 de junio, pero no se pudo celebrar en

---

(¹) Penalidad por posesión, libertad a prueba y supresión de récord por primer delito. 24 L.P.R.A. sec. 2404.

(²) 34 L.P.R.A. Ap. II.

(³) 34 L.P.R.A. Ap. II.

esa fecha debido a que el pliego acusatorio no había sido presentado. No fue hasta el 5 de julio que el Ministerio Público presentó la acusación, celebrándose la lectura de la misma seis (6) días más tarde.

En el acto de lectura de la acusación, la representación legal del peticionario solicitó la desestimación de la misma al amparo de la Regla 64(n)(2) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El tribunal señaló el juicio para el 3 de agosto de 2000 e indicó que la solicitud de desestimación se resolvería ese día. Llegado el día, el tribunal denegó la desestimación, aduciendo, *erróneamente*, que los términos se computan *a base de días laborables* y no días calendarios. Señaló juicio en su fondo para el 28 de agosto de 2000.

De tal resolución acudió el peticionario mediante recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones y le imputó error al Tribunal de Primera Instancia al determinar que los términos se computan en días laborables y no en días calendario. Argumentó que procedía la desestimación de la acusación fundamentada en la citada Regla 64(n)(2) de Procedimiento Criminal, ya que habían transcurrido ochenta y un (81) días calendario desde el arresto realizado el 15 de abril hasta el 5 de julio de 2000, día en que se presentó la acusación.

El Tribunal de Circuito de Apelaciones emitió resolución el 28 de agosto de 2000, de la cual aquí se recurre, y en la cual se denegó el auto solicitado. Razonó dicho tribunal que el término de treinta (30) días que establece la citada Regla 64(n)(2) de Procedimiento Criminal para celebrar la vista preliminar y que comenzó a decursar el 15 de abril, día en que fue arrestado, se reactivó a treinta (30) días más el 3 de mayo, día en que fue suspendida la vista. Como tal término vencía el 2 de junio, la celebración de la vista preliminar el 24 de mayo todavía estaba a tiempo.

Determinó, además, que el término de sesenta (60) días(⁴) que tenía el Ministerio Fiscal para presentar la acusación contra el peticionario comenzó a transcurrir el 24 de mayo de 2000, fecha en que *se autorizó la presentación de dicha acusación*, al determinarse causa probable para ello. Concluyó el foro apelativo que dicho término vencía el 24 de julio, y como la acusación se presentó el 5 de julio, no se violó el derecho a juicio rápido del acusado. Citando a *Pueblo v. Garrick*, 105 D.P.R. 178 (1976), el tribunal apelativo interpretó que al haberse suspendido por justa causa(⁵) la vista preliminar señalada para el 3 de mayo, automáticamente se extendió el término para la celebración de la misma. Sin embargo, concluyó erróneamente que dicha suspensión tuvo el efecto simultáneo de extender el término para presentar la acusación. Al parecer, dicho foro entendió que existen *dos (2) términos consecutivos*: el primero, para la celebración de la vista preliminar, y el segundo, *contado a partir de la celebración de la vista preliminar*, para presentar la acusación. Inexplicablemente, fijó este último término en sesenta (60) días.

## II

En atención al fundamental derecho a juicio rápido consagrado en la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, ed. 1999, nuestras Reglas de Procedimiento Criminal y su jurisprudencia interpretativa han delimitado períodos de tiempo constitucionalmente razonables para cubrir varias etapas entre el arresto y el juicio, ya que hemos interpretado que este derecho cobra vigencia desde que el imputado de delito es detenido o está sujeto a responder (*held to answer*). *Pueblo v. Candelaria Vargas*, 148 D.P.R. 591

---

(⁴) Dicho término en este caso es de treinta (30) días en virtud de lo dispuesto en la Regla 64(n)(1) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

(⁵) Tampoco aparece en el récord de este caso que la hubiera.

(1999); *Pueblo v. Miró González*, 133 D.P.R. 813 (1993); *Pueblo v. Rivera Colón*, 119 D.P.R. 315 (1987); *Pueblo v. Rivera Tirado*, 117 D.P.R. 419 (1986). Véanse, además: D. Nevares-Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 5ta ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1998, pág. 133; E.L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1992, Vol. II, pág. 157.

Hemos reconocido, además, que el derecho a juicio rápido es de naturaleza dual, puesto que ampara tanto al acusado como a la sociedad. *Pueblo v. Arcelay Galán*, 102 D.P.R. 409 (1974). Véase, además, O.E. Resumil, *Derecho Procesal Penal*, Orford, Equity Publishing Co., 1990, T. 1, pág. 246.

La Regla 64(n) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, que regula estatutariamente el derecho a juicio rápido, establece varios términos *que corren simultáneamente partiendo del momento del arresto o de la detención* del imputado, para la presentación de la acusación en los casos graves, así como para la celebración de la vista preliminar, *de acuerdo con la condición procesal del imputado*. Dicha regla dispone:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:

. . . . . . .

(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

(1) *Que el acusado estuvo detenido en la cárcel por un total de treinta (30) días después de su arresto sin que se hubiere presentado acusación o denuncia contra él*, o que ha estado detenido por un total de quince (15) días sin que se hubiere presentado una acusación o denuncia contra él si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a).

(2) *Que no se presentó acusación o denuncia contra el acusado*

*dentro de los sesenta (60) días de su arresto o citación* o dentro de los treinta (30) días si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a).

(3) Que el acusado estuvo detenido en la cárcel por un total de sesenta (60) días con posterioridad a la presentación de la acusación o denuncia sin ser sometido a juicio.

(4) Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia.

(5) Que la persona estuvo detenida en la cárcel por un total de treinta (30) días después de su arresto sin que se le hubiere celebrado la vista preliminar en los casos en que deba celebrarse.

(6) Que no se celebró vista preliminar a la persona dentro de los sesenta (60) días de su arresto en los casos en que deba celebrarse. (Énfasis suplido.)

■ Como vemos, cuando la persona se encuentra encarcelada para responder del delito imputado, el primer párrafo del referido inciso dispone que el término para la celebración de la vista preliminar es de treinta (30) días a partir de su arresto o detención, siendo dicho término la mitad del término dispuesto para cuando la persona se encuentra en libertad bajo fianza en consideración a que, amparándole a todos los acusados la presunción de inocencia, aquel que se encuentra restringido sumariamente de su libertad por no haber podido prestar fianza debe ser sometido a juicio en un término más corto. Esto es, cuando la persona no se encuentra encarcelada, entonces dicho término se duplica a sesenta (60) días, según dispone el segundo párrafo del citado inciso (n). Véanse: Resumil, *op. cit.*, pág. 374; Chiesa, *op. cit.*, pág. 158.

■ Vemos, pues, que ausente justa causa o causa imputable al imputado, y con el objetivo de evitar la indebida y opresiva encarcelación del imputado antes del juicio, la citada Regla 64(n) concede al Ministerio Público un término de treinta (30) días para presentar la acusación en contra de aquel que está encarcelado esperando ser sometido a juicio, y otro término de sesenta (60) días *para que se*

*celebre el juicio* a partir de la fecha en que fue presentada la acusación en su contra, conforme lo dispone el tercer párrafo de la regla. Prescribe, además, el cuarto párrafo que el juicio al acusado que no está encarcelado deberá ser celebrado dentro de los ciento veinte (120) días siguientes a la presentación de la acusación.

## III

Los párrafos quinto y sexto de la Regla 64(n) fueron añadidos a ésta mediante enmienda efectuada a tenor con lo resuelto por este Tribunal en *Pueblo v. Opio Opio*, 104 D.P.R. 165, 170 (1975):

> ... [C]onsideramos adecuado un término de sesenta días para celebrar la [vista preliminar], contados desde el arresto del acusado o su citación para responder del delito imputado. Coincide con el *término máximo* provisto en la Regla 64(n)(2) de Procedimiento Criminal para presentar acusación o denuncia contra el acusado, y sólo podrá extenderse por justa causa, o por demora imputable al acusado o consentida por éste.[6] (Énfasis suplido y escolio omitido.)

Evidentemente, la intención legislativa al enmendarse la regla mediante las referidas dos (2) adiciones, *no fue la de extender* el término para presentar la acusación o denuncia. Una vez detenido el acusado, los términos de los referidos subincisos (5) y (6) *corren simultáneos o paralelos* a los términos de los subincisos (1) y (2). Esto es, el término para la celebración de la vista preliminar es el mismo, *por ser simultáneo*, que tiene el Ministerio Público para presentar la acusación.

No estamos ajenos a la dificultad que a veces puede ocasionar el que sea un mismo término, tanto para celebrar la vista preliminar como para presentar la acusación. No obstante, en atención al fundamental principio que estamos

---

[6] El imputado en dicho caso estaba en libertad bajo fianza. Por eso nos referimos al término provisto en el segundo párrafo de la Regla 64(n) de Procedimiento Criminal, *supra*.

atendiendo, fue la intención de este Tribunal en *Pueblo v. Opio Opio*, supra, que el Ministerio Público obtuviese la determinación de causa probable en la vista preliminar *dentro del término constitucionalmente razonable y ya establecido para presentar la acusación.*(⁷)

A pesar de que en *Pueblo v. Garrick*, supra, a manera de *dictum* expresamos que en ausencia de circunstancias extraordinarias y excepcionales demostrativas de un abuso del término para la celebración de la vista preliminar, no violaba el derecho a juicio rápido una acusación presentada once (11) días después de vencido el término para ello, nuestra razón de decidir en dicho caso *se fundamentó en la omisión del acusado en solicitar la desestimación de la acusación al momento de la lectura de la misma, antes de hacer alegación*, según lo requiere la Regla 63 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Concluimos, por lo tanto, que el acusado renunció por tal motivo a su defensa bajo la citada Regla 64(n)(2).(⁸) Con posterioridad a *Garrick*, hemos resuelto más claramente que cuando la suspensión de la vista preliminar o del juicio es por justa causa o imputable al acusado, en uno y otro caso dichos términos comienzan a decursar desde la fecha en que estuvieran tales vistas señaladas. Ausente justa causa o causa imputable al acusado, en casos en que la determinación de causa probable para presentar la acusación recaiga en el último día del término, ello podría ser causa justificada para conceder un corto período de gracia *no mayor de dos (2) días laborables* para la presentación de la misma.

---

(⁷) También somos conscientes del efecto expansivo a las reglas de nuestra determinación en *Pueblo v. Vélez Castro*, 105 D.P.R. 246 (1976), donde, ante el silencio de la Regla 64(n) de Procedimiento Criminal, *supra*, establecimos un término de sesenta (60) días a partir de la determinación adversa al Ministerio Público para celebrar la vista preliminar en alzada. Todo ello, porque según hemos expresado, "[l]a frase 'juicio rápido' es un concepto constitucional, entre tantos otros, de contenido determinado en parte y en parte variable o flexible y sujeto a los procesos generales de cambio que afectan el derecho y la ley". *Pueblo v. Arcelay Galán*, 102 D.P.R. 409, 413 (1974).

(⁸) El acusado se encontraba bajo fianza.

Véase Chiesa, *op. cit.*, pág. 167. No obstante, constituye una obligación ineludible de los jueces la de velar por que la vista preliminar sea celebrada dentro de los términos dispuestos por el referido ordenamiento procesal —con suficiente antelación a la fecha de expiración de los mismos— a fin de que el Ministerio Fiscal tenga una oportunidad razonable para redactar y presentar la acusación dentro de los referidos términos.

## IV

En el caso de autos, la detención del peticionario se produjo el 15 de abril cuando se determinó causa probable para arresto y fue encarcelado al no poder prestar fianza. En ese momento se activó el derecho a juicio rápido del peticionario *y los términos que para ello se disponen*, ya que quedó sujeto a responder. Ninguna de las suspensiones de la vista preliminar se le puede imputar al detenido. Aun cuando en la vista de 3 de mayo la defensa no objetó el señalamiento hecho para celebrar la vista preliminar fuera del término de los treinta (30) días, contado a partir de su arresto, no por ello consintió a que dicho término se reactivara para comenzar a computarse de nuevo *en ese momento.* Hemos resuelto que la renuncia al derecho a juicio rápido tiene que ser hecha de manera expresa.(⁹) Por lo tanto, el período de treinta (30) días que tenía *tanto el tribunal para celebrar la vista preliminar como el Ministerio Fiscal para presentar la acusación,* dada la situación de encarcelamiento del imputado, no quedó interrumpido. No obstante, la suspensión de la vista señalada para el 9 de mayo fue por justa causa, ya que la misma obedeció a que no comparecieron los testigos del Estado. Por tal motivo, el

---

(⁹) Aunque hemos reconocido que el derecho a juicio rápido es renunciable, hemos rechazado la renuncia implícita que supone no invocar oportunamente el derecho a juicio rápido ante una suspensión. *Pueblo v. Arcelay Galán,* supra. Véase, además, *Barker v. Wingo,* 407 U.S. 514 (1972).

término para la presentación de la acusación quedó interrumpido, comenzando a decursar nuevamente a partir de esta última fecha. En vista de ello, dicho término expiró el 8 de junio. A pesar de que la vista preliminar fue celebrada el 24 de mayo, quedándole al Ministerio Público quince (15) días, tiempo más que suficiente para la presentación de la acusación, no fue hasta el 5 de julio de 2000, o sea, veintisiete (27) días después de expirado el término, que presentó la misma.

Al momento de la presentación de la acusación el peticionario llevaba ochenta y un (81) días encarcelado. La regla es clara al imponer un término máximo de treinta (30) días para presentar la acusación, ausente justa causa o causa alguna imputable al detenido. No debe quedar duda del perjuicio resultante de hallarse encarcelado indebidamente, en detrimento de la presunción de inocencia, desligado de la vida familiar, a expensas de las calamidades del sistema carcelario, al efecto nocivo de que se vea perjudicada su defensa con el paso del tiempo y expuesto a la incertidumbre de la espera de una determinación. Indudablemente se le ha violado al peticionario su derecho a un juicio rápido.

## V

Han sido muchos los errores a los que ha tenido que enfrentarse el acusado en su azaroso encuentro con la justicia: el que un juez de primera instancia determinara que los términos de juicio rápido se computan a base *de días laborables*; que no se tomara en cuenta su condición procesal de encarcelamiento en el cómputo de su derecho a juicio rápido; la determinación de que el término para presentar la acusación se computa a partir del momento en que se determina causa probable para acusar; la determinación de que hubo justa causa para las dilaciones por parte del Estado; la errónea determinación de que renuncia total-

mente al derecho a juicio rápido aquel que no objeta a la posposición de la vista preliminar por causa que no le es imputable. Todo ello en perjuicio y en detrimento de un derecho constitucional del más alto rango.

Por lo anteriormente expresado, *se expedirá el auto de "certiorari" solicitado y se dictará sentencia sin ulteriores trámites según lo autoriza la Regla 50 de nuestro Reglamento, revocando el dictamen del Tribunal de Circuito de Apelaciones y decretando, en consecuencia, la desestimación de la acusación presentada en este caso.*

El Juez Asociado Señor Rebollo López no intervino.

*In re* LUIS NOEL GONZÁLEZ FELICIANO.

*Número:* AB-1999-109 *Resuelto:* 13 de octubre de 2000

*Gustavo A. Gelpí, Procurador General, y Ricardo E. Alegría Pons, Procurador General Auxiliar; Luis Noel González Feliciano, pro se.*

PER CURIAM: El 30 de junio de 2000, mediante una extensa y detallada resolución, censuramos "enérgicamente por su dejadez, indiferencia y falta de diligencia" al Lcdo. Luis Noel González Feliciano. Además, le apercibimos que en el futuro, "conducta de este género conlleva[ría] su suspensión de la abogacía". Finalmente, le concedimos un término de treinta (30) días para que nos informara el resultado final del caso judicial relacionado con la queja en su contra y le indicamos que nuestra resolución surtiría "efectos al serle notificada por correo a su dirección en el expediente".

El licenciado González Feliciano no cumplió con lo que le requerimos. Así las cosas, el 18 de agosto le concedimos mediante resolución un término de veinte (20) días para que nos informara "las gestiones realizadas para dar cumplimiento a nuestra Resolución de 30 de junio de 2000". A pesar del tiempo adicional que le fuera concedido, el licenciado González Feliciano aún no ha cumplido con nuestros requerimientos.

De lo anteriormente reseñado, surge con meridiana claridad, que el licenciado González Feliciano, a pesar de nuestra enérgica censura y apercibimiento de que de continuar con su patrón de conducta de "dejadez, indiferencia y falta de diligencia" sería *suspendido del ejercicio de la profesión de abogado*, ha continuado manifestando el mismo intolerable patrón de conducta. El licenciado González Feliciano continúa desatendiendo nuestras órdenes.

Reiteramos la clara obligación de todo abogado de responder con diligencia a nuestros requerimientos en los trámites de quejas presentadas en su contra, independientemente de los méritos de las mismas. *In re Capestany Rodríguez*, 148 D.P.R. 728 (1999); *In re Torres Zayas*, 147 D.P.R. 144 (1998); *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998).

Tomando en consideración todo lo antes expuesto, se suspende indefinidamente del ejercicio de la profesión de abogado al Lcdo. Luis Noel González Feliciano.

Se le impone a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, que les devuelva cualesquiera honorarios recibidos por trabajos no realizados, y le informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

González Feliciano deberá certificarnos en treinta (30) días el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal deberá incautarse del sello y de la obra notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

*Se dictará la sentencia correspondiente.*

El Juez Presidente Señor Andréu García y los Jueces Asociados Señores Rebollo López y Fuster Berlingeri no intervinieron.

EL PUEBLO DE PUERTO RICO, recurrido, *v.* CARMEN ESQUILÍN MALDONADO, peticionaria.

*Número:* CC-1999-933 *Resuelto:* 19 de octubre de 2000

*Damaris Caballero Galván* y *Carmen Ana Rodríguez Maldonado*, de la *Sociedad para Asistencia Legal*, abogadas de la parte peticionaria; *Gustavo A. Gelpí, Procurador General*.

PER CURIAM: Por entender que la negligencia inexcusable del Estado menoscabó indebidamente el debido procedimiento de ley de la peticionaria al ponerla en un estado de indefensión, revocamos la resolución emitida por el Tribunal de Circuito de Apelaciones.

I

El 2 de julio de 1996, la Sra. Carmen Esquilín Maldonado (en adelante Esquilín o peticionaria) fue denunciada en ausencia por el delito de asesinato en primer grado (Art. 83 del Código Penal, 33 L.P.R.A. sec. 4002), por hechos alegadamente ocurridos el 30 de diciembre de 1989. La razón por la cual el Estado tardó seis años y medio para denunciar a la peticionaria fue la colocación equívoca del expediente en los archivos de casos terminados. No fue hasta que una agente preguntó por el caso que el Estado se preocupó por conseguir el expediente.

Una vez radicada la denuncia, y pautada para celebrarse la vista preliminar, la peticionaria presentó una moción de desestimación basándose en que le habían violado su derecho a un debido proceso de ley. En ésta se alegó que la dilación provocada por la negligencia del Estado le produjo a la peticionaria un estado de indefensión.

El 8 de octubre de 1996, el tribunal de instancia celebró una vista evidenciaria para determinar la procedencia de la desestimación solicitada. Denegó la petición el 12 de di-

ciembre de 1996. Inconforme, la peticionaria acudió al Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) para revisar la resolución del tribunal de instancia y, a través de una solicitud de auxilio de jurisdicción, para que se paralizara la celebración de una vista preliminar. El Tribunal de Circuito denegó el recurso solicitado en aquella etapa del procedimiento.(¹)

Dos semanas antes del día señalado para el juicio, Esquilín presentó ante el tribunal de instancia otra moción de desestimación aludiendo nuevamente a una violación al debido procedimiento de ley. Ésta fue declarada con lugar y se desestimó el caso.

El Ministerio Público acudió al Tribunal de Circuito y éste revocó el dictamen. Resolvió que la dilación por parte del Estado para presentar la acusación contra Esquilín no provocó en ésta un estado de indefensión, ni perjudicó la preparación de la defensa. Inconforme, Esquilín acudió ante nos señalando el siguiente error:

> Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que la peticionaria no presentó prueba que estableciera que la demora del Estado en someter el caso en su contra la situó en un estado de indefensión, ni que la preparación de su defensa se haya visto perjudicada por ello.

El error señalado se cometió. Veamos.

---

(¹) El caso ha tenido un trámite procesal un poco accidentado. Una vez el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) declaró no ha lugar la moción de la peticionaria, arguyendo violación al debido proceso de ley, se celebró la vista preliminar ante el tribunal de instancia y éste determinó causa probable para acusar por el delito de asesinato en primer grado. La defensa de la Sra. Carmen Esquilín Maldonado (en adelante Esquilín o peticionaria) solicitó la desestimación de la acusación por ese delito. Dicho tribunal accedió a la solicitud y emitió una resolución *nunc pro tunc*, determinando causa probable para acusar por el delito de homicidio (Art. 85 del Código Penal, 33 L.P.R.A. sec. 4004).

El Procurador General acudió al Tribunal de Circuito impugnando la resolución de instancia. Éste dejó sin efecto la resolución impugnada, reinstaló la acusación por el delito de asesinato en primer grado y devolvió el caso a instancia para que continúen los procedimientos. Esquilín presentó un recurso de *certiorari* ante nos, que fue denegado el 5 de junio de 1998. Véase *Pueblo v. Esquilín Maldonado*, CC-98-376.

Ya señalado el juicio, Esquilín presentó en 1998 ante el Tribunal de Circuito un recurso aduciendo violación a su debido proceso de ley. La defensa pretendía obtener

## II

---

revisión de una resolución emitida por el tribunal de instancia en 1996. El tribunal denegó el recurso. Esquilín acudió ante nos y el 20 de enero de 1999 denegamos el recurso.