# 2008 DTA 102

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE CAGUAS**
**(PANEL XII)**

EL PUEBLO DE PUERTO RICO (Peticionario) EN
INTERÉS DE LOS MENORES: C. C. G; R. E. A.; J. L. J. R. (Menores Recurridos)

Núm. KLCE-08-00681

San Juan, Puerto Rico, a 13 de agosto de 2008

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Escribano Medina y Hernández Torres

Hernández Torres, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos el Pueblo de Puerto Rico, por conducto del Procurador General (el peticionario), y solicita la revocación de la determinación emitida originalmente en corte abierta, por el Tribunal de Primera Instancia (TPI) Sala de Caguas, Sala de Menores (Hon. Alicia Velázquez Piñol, Jueza) el 7 de abril de 2008. Mediante la referida resolución, el TPI desestimó las quejas presentadas contra los menores C.C.G., R.E.A. y J. L.J.R. por infracción al derecho de los menores imputados a un juicio rápido. Oportunamente, el 16 de abril de 2008, el Ministerio Fiscal representado por la Oficina de Menores y Familia presentó una *Moción de Reconsideración* que fue declarada no ha lugar el 18 de abril de 2008.

Examinada la petición presentada, así como el derecho aplicable y la posición de los recurridos, se expide el auto de *certiorari* y se revoca el dictamen recurrido.

Los hechos pertinentes del caso ante nuestra consideración son los siguientes:

### I

El 14 de marzo de 2008 se determinó que existía causa probable para aprehender a la menor C.C.G. por una falta Clase I de motín y una falta Clase II de daños agravados, conductas tipificadas como delito en los Artículos 248 y 208 del Código Penal, respectivamente.

En esa misma fecha, también se determinó que existía causa probable para aprehender a los menores R.E.A. y J.L.J.R. por una falta Clase I de motín, y una falta Clase II de empleo de violencia o intimidación contra la autoridad pública; delitos tipificados en los Artículos 248 y 251 del Código Penal, respectivamente.

Las quejas presentadas contra los tres menores remontan a hechos acaecidos, el 7 de marzo de 2008, cuando un grupo de menores produjeron un disturbio en una escuela, en respuesta a una agresión sufrida por una estudiante en manos de un compañero de clase.

Los tres menores fueron dejados bajo la custodia de sus padres o encargados y la vista de determinación de

causa probable para presentar la querella en cada caso fue señalada para el 31 de marzo de 2008. Véase Anejo IA-IB, IIA-IIB, IIIA-IIIB del *certiorari*.

No obstante, la Oficina de Asuntos de Menores y Familia recibió una Notificación en la que se informó que el TPI había reseñalado la vista de causa a celebrarse el 31 de marzo de 2008 para todos los menores. La fecha señalada fue el 2 de abril de 2008. Véase Anejo VIII del *certiorari*.

El 2 de abril de 2008, el Ministerio Fiscal solicitó el reseñalamiento del caso considerando que el menor J. L.J.R. no tenía representación legal, además, que un testigo de cargo quien era esencial, no se había presentado.

Los representantes legales presentes en sala, junto con la Procuradora de Menores quien atendió la vista, acordaron la suspensión de la vista y un nuevo señalamiento para el 7 de abril de 2008, el cual sería, según lo acordado, el último día de los términos.

Llegado el 7 de abril de 2008, el caso fue el primero en ser llamado en sala. En ese momento, se encontraban presente los menores y sus representaciones legales; sin embargo, la prueba de cargo no estaba completa. No se encontraban en sala los Agentes Pérez Pérez y Acevedo Rodríguez.

El Ministerio Público solicitó un breve receso para verificar el paradero de los agentes; sin embargo, el representante legal del menor R.E.A. se opuso a un turno posterior, toda vez que se había acordado que dicho señalamiento era el último día de los términos y que éste se encontraba enfermo, y aún así había comparecido puntualmente. De este modo, solicitó la desestimación del caso, petición a la cual se unió la representación legal de la menor C.C.G.

Ante dicha solicitud, el tribunal *a quo* ordenó la desestimación de los casos, sin conceder turno posterior o un nuevo señalamiento.

El 16 de abril de 2008, el Ministerio Público presentó *Moción de Reconsideración;* en la misma sostuvo que el TPI abusó de discreción al desestimar la causa contra los tres menores, sin que se realizara un análisis en cuanto a la razonabilidad de la dilación y el debido balance entre los intereses en juego, de conformidad con nuestro ordenamiento jurídico. También argumentó que aun cuando los menores C.C.G. y R.E.A. habían invocado su derecho a un juicio rápido, este no era el caso del menor J.L.J.R., cuyo representante legal había comparecido por primera ocasión el 7 de abril de 2008, fecha en que el caso fue desestimado.

El 18 de abril de 2008, el TPI declaró no ha lugar la solicitud de reconsideración. En la resolución, el TPI sostuvo su fallo por los siguientes fundamentos: la Oficina de Asuntos para Menores y Familia había acordado que el 7 de abril de 2008 era la última fecha de los términos para la vista, y que la información ofrecida al foro el día de la vista por los agentes en sala en cuanto al paradero de los agentes que estaban ausentes consistía en que uno de ellos estaba de camino, mientras que el otro no se sabía nada.

No conforme con dicha determinación, el peticionario presentó petición de *certiorari* en el que expone los siguientes errores:

*"A. Abusó de su discreción el TPI al determinar que procedía la desestimación de la queja presentada contra los menores, no concediendo al Ministerio Fiscal la oportunidad de obtener un turno posterior para determinar la localización de los dos agentes que en el momento no estaban en sala.*

*B. Erró el TPI al desestimar el caso por infracción al derecho a juicio rápido de los menores sin realizar el justo balance de los criterios jurisprudenciales sobre la naturaleza de la dilación y perjuicio sustancial que supuestamente se produjo por la demora en la celebración de la vista adjudicativa."*

En síntesis, aduce que la desestimación constituyó una solución drástica que no satisfizo los criterios esbozados por nuestro ordenamiento jurídico, que ha exigido que se realice un justo balance de intereses particulares de los imputados y el interés público.

Mediante resolución de 11 de junio de 2008, le concedimos el término de veinte (20) días a los recurridos C.C.G, R.E.A. y J.L.J.R. para que mostraran causa por la cual no debía expedirse el recurso. El 14 de junio de 2008, los recurridos C.C.G. y J.L.J.R. cumplieron con nuestra orden y presentaron sus respectivos escritos. Al día de hoy, el menor R.E.A. no ha comparecido.

El recurrido C.C.G. alegó, en síntesis, que procedía la desestimación de las quejas, ya que en ningún momento el Ministerio Público justificó ni evidenció el motivo de la incomparecencia de los testigos de cargo ausentes. Dicha parte adujo que en la vista del 7 de abril de 2008, la Procuradora de Menores no mencionó las gestiones realizadas, si algunas, para lograr la comparecencia de los testigos; ni siquiera tenía conocimiento sobre el paradero de los mismos. Indicó, además, que la defensa se encontraba preparada e invocó oportunamente su derecho a juicio rápido.

Por su parte, el menor J.L.J.R. adujo que el Ministerio Público estipuló que el 7 de abril de 2008 sería el último día de los términos para celebrar la vista de causa probable. Añadió, además, que el Ministerio Público en dos (2) ocasiones solicitó la posposición de la vista ante el hecho de que sus testigos estaban ausentes y no le demostró al TPI la existencia de justa causa para tal demora, exponiendo a los menores recurridos a prolongar las ansiedades y preocupaciones inherentes a la espera de la vista de causa probable para presentar la querella.

Expuestos los hechos pertinentes a la controversia ante nuestra consideración, procedemos a discutir la norma jurídica aplicable.

## II

### A. Ley de Menores de Puerto Rico

La Ley Núm. 88 de 9 de julio de 1986, según enmendada, mejor conocida como *"Ley de Menores de Puerto Rico"* 34 L.P.R.A. §2201 *et seq.,* refleja un enfoque penal ecléctico en el cual se intenta armonizar la función de *parens patriae* del Estado de velar por la rehabilitación del menor ofensor, a la misma vez que le exige a éstos responsabilidad por sus actos. Ello, sin minimizar la responsabilidad del Estado de velar por la seguridad de la sociedad en general. Exposición de Motivos de la Ley de Menores de 1986.

En reiteradas ocasiones, el Tribunal Supremo ha dicho que los procedimientos de menores son de carácter civil *sui generis* y no se consideran de naturaleza criminal; éstos conllevan la imposición necesaria de remedios de naturaleza punitiva, incluyendo la restricción de la libertad de un menor. Como consecuencia, deben salvaguardarse las mismas garantías del debido proceso de ley que cobijan a los procedimientos de adultos. *Pueblo en interés del menor K.J.S.R.,* **2007 J.T.S. 199**, 172 D.P.R.___ (2007); *Pueblo v. Suárez Alers,* **2006 J. T.S. 92**, 167 D.P.R. ___ (2006).

Al menor imputado de falta le asiste el derecho a presentar prueba a su favor, a confrontarse con la prueba de cargo, el derecho a una adecuada representación legal, la garantía constitucional contra la auto incriminación, el derecho a un juicio rápido y la regla de la exclusión de evidencia obtenida mediante un registro o allanamiento ilegal. *Pueblo en interés del menor K.J.S.R., supra.*

Tanto es así, que el Artículo 22 de la Ley Núm. 88, *supra,* dispone en lo pertinente lo siguiente:

*"Si el menor es detenido provisionalmente o **si queda bajo la custodia de sus padres o encargados, se le***

*citará para que comparezca a la vista de determinación de causa probable para la radicación de la querella. En el primer supuesto, salvo causas excepcionales, la vista se celebrará dentro de los tres días posteriores a la aprehensión. En el segundo supuesto, la vista se celebrará dentro de los siguientes veinte (20) días. Se aplicarán a este procedimiento todas las normas de juicio rápido existentes en nuestra jurisdicción."* (Énfasis nuestro)

La misma norma es reiterada por la Regla 2.9 (d) de las Reglas de Procedimientos para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, R. 2.9 (d):

*"(d)...*

*Si el menor es detenido provisionalmente o si queda bajo la custodia de sus padres o encargados, se le citará para que comparezca a la vista de determinación de causa probable para la radicación de la querella. En el primer supuesto, salvo causas excepcionales, la vista se celebrará dentro de los siete (7) días posteriores a la aprehensión. En el segundo, la vista se celebrará dentro de los siguientes treinta (30) días. Se aplicarán a este procedimiento todas las normas de juicio rápido existentes en nuestra jurisdicción."*

Sin embargo, nos llama la atención que la precitada Regla 2.9 (d) de las Reglas de Procedimientos para Asuntos de Menores, *supra,* dispone unos términos mayores para la celebración de la vista de determinación de causa probable que los establecidos en la Ley Núm. 88, *supra.*

Por su parte, la Regla 6.2 (g) de las Reglas de Procedimientos para Asuntos de Menores, *supra,* 34 L.P.R.A. Ap. I-A, R 6.2 (g) dispone que será motivo de desestimación que la fecha de la vista de determinación de causa probable para la radicación de la querella exceda los términos dispuestos por ley.

Los términos antes descritos no son unos rígidos cuyo transcurso, automáticamente, produce la desestimación de la causa. El derecho a juicio rápido conlleva un análisis de diversos factores; la determinación de si se infringió o no ese derecho no debe descansar exclusivamente en una regla inflexible adherida a medidas de calendario que impida la ponderación de todos los intereses en juego. *Pueblo v. Rivera Tirado*, 117 D.P.R. 419, 433 (1989). El concepto de *"juicio rápido"* es relativo, no absoluto; no es un concepto inconsistente con cierta tardanza, pero la demora no debe ser intencional ni opresiva. *Pueblo v. Rivera Tirado, supra.*

Esta garantía constitucional tiene el propósito de proteger los intereses del acusado para: a) prevenir su detención opresiva y perjuicio; b) minimizar sus ansiedades y preocupaciones; y c) reducir las posibilidades de que su defensa se afecte. *Pueblo v. Rivera Tirado, supra.*

La determinación de violación del derecho a juicio rápido no depende exclusivamente de un cálculo matemático, pues hay elementos y circunstancias que se deben evaluar caso a caso para determinar si existió justa causa para la demora. Cada caso debe ser considerado según sus circunstancias al determinar si existe justa causa para la demora. Es decir, la falta de celebración de la vista dentro del término, por sí sola, no conlleva la desestimación del caso ni constituye automáticamente una violación al derecho de juicio rápido. *Pueblo v. Candelaria,* 148 D.P.R. 591, 597-598 (1999).

La determinación de lo que constituye justa causa la realizará el juzgador a la luz de la totalidad de las circunstancias y no es uno desprovisto de controles. A estos efectos, el Tribunal Supremo ha indicado que la determinación de justa causa deberá estar enmarcada dentro de unos parámetros de razonabilidad. Entonces, una vez el imputado ha invocado su derecho a juicio rápido le corresponde al Ministerio Público demostrar la existencia de una causa justificada para la demora. *Pueblo v. Valdés et al, supra.*

El Tribunal Supremo ha adoptado los cuatro (4) criterios establecidos por el Tribunal Supremo federal en

*Barker v. Wingo*, 407 U.S. 514 (1972), para evaluar una alegación de violación al derecho a juicio rápido. *Pueblo v. Rivera Tirado, supra.* Estos son los siguientes: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado invocó su derecho a juicio rápido; y (4) el perjuicio resultante de la tardanza. Ninguno de estos criterios es determinante y están sujetos a un justo balance. *Pueblo v. Valdés et al, supra.*

Cuando la suspensión del juicio es por justa causa o por causa atribuible al imputado, los términos de juicio rápido comienzan, nuevamente, a transcurrir desde la fecha en que las vistas estuvieran señaladas. *Pueblo v. Guzmán*, 161 D.P.R. 137 (2004).

Por ello, la jurisprudencia ha establecido ciertas diferencias en cuanto a rigor con el cual las dilaciones deben ser evaluadas. *Pueblo v. Valdés et al, supra.* Así se ha resuelto que la ausencia de los testigos del Estado a la vista en su fondo constituye justa causa para que se suspenda el juicio; por tanto, en esas circunstancias, el término de juicio rápido para celebrar el juicio comienza a computarse nuevamente desde la suspensión. *Pueblo v. Cartagena Fuentes*, 152 D.P.R. 243, 253 (2000).

En cuanto al perjuicio sufrido con la dilación, el Tribunal Supremo ha expresado que éste tiene que ser específico, o sea, que no puede ser abstracto ni apelar a un simple cómputo de rigor matemático. Tiene que ser real y sustancial. *Pueblo v. Rivera Tirado, supra.*

La Profesora Dora Nevarez-Muñiz señala en su obra jurídica *Derecho de Menores*, Quinta Edición Revisada, San Juan, Instituto para el Desarrollo del Derecho, Inc., 2005, lo siguiente:

*"Será justa causa para un señalamiento de la vista adjudicativa fuera de los términos provistos por ley, que el menor solicite la suspensión de la vista adjudicativa o consienta a un señalamiento posterior al término de ley; ausencia de un testigo esencial del Procurador; fuerza mayor; congestión del calendario judicial donde casos presentados con anterioridad no hayan podido celebrarse."*

Expuesta la norma jurídica aplicable, procedemos a resolver la controversia.

## III

Por estar relacionados los errores planteados por el peticionario, procedemos a discutirlos en conjunto.

Estos errores versan en torno al abuso de discreción del tribunal en desestimar la queja contra los menores sin conceder un turno posterior al Ministerio Fiscal para determinar la localización de los agentes que, en el momento que fue llamado el caso, no se encontraban en sala. Así también, al desestimar el caso por infracción al derecho a juicio rápido de los menores sin realizar un justo balance sobre la naturaleza de la dilación y el perjuicio sustancial que supuestamente se produjo con la demora.

En el presente caso, la vista de causa probable para aprehensión se celebró el 14 de marzo de 2008, por lo que la vista de causa probable para presentar querella debía celebrarse en o antes del 3 de abril de 2008, de manera que fuera celebrada dentro del término de veinte (20) días según dispuesto en la Ley Núm. 88, *supra.* Sin embargo, la misma fue reseñalada para el 7 de abril de 2008, cuatro (4) días después de expirado el término dispuesto en la susodicha ley.

Debemos recordar que, en el presente caso, el primer señalamiento fue pautado para el 31 de marzo de 2008. No obstante, por razones no atribuibles al Ministerio Público, la vista fue reseñalada para el 2 de abril de 2008. Véase Anejo VIII del *certiorari*.

Por otro lado, la vista pautada para el 2 de abril de 2008, no pudo ser celebrada por la ausencia de un testigo de cargo que era un testigo esencial del Ministerio Público; dicho testigo se encontraba enfermo. Además, el

menor J.L.J.R., quien compareció a la vista, no contaba con representación legal, en esos momentos. Por tales motivos, los representantes legales de los menores C.C.G. y R.E.A. acordaron junto a la Procuradora de Menores, quien atendió la vista, un nuevo señalamiento para el 7 de abril de 2008, a las 9:30 a.m., el cual sería, según lo acordado, el último día de los términos.

Así las cosas, el 7 de abril de 2008 se llamó el caso para la vista. En sala, se registró la presencia de los tres menores y sus respectivos representantes legales; sin embargo, no se encontraban dos testigos esenciales del Ministerio Público. El tribunal cuestionó a los agentes presentes dónde se encontraban estos testigos, lo que contestaron que uno estaba de camino y el otro se desconocía su localización. Por tales motivos, la Procuradora solicitó un turno posterior para investigar el paradero de los testigos; los representantes legales de los menores C.C.G. y R.E.A. objetaron. La petición del Estado fue denegada y acto seguido fue desestimado el caso de los tres menores.

Luego de examinado el expediente y las particularidades del caso, creemos que la desestimación fue la decisión más radical o severa en ausencia de la acreditación de un perjuicio real a los intereses y derechos de los menores imputados. En ningún momento, se estableció en qué consistió la violación intencional u opresiva del Estado al solicitar un turno posterior de la vista para investigar el paradero de los testigos esenciales.

El planteamiento de los representantes legales de los menores C.C.G. y R.E.A. se fundamentó en meros cómputos matemáticos, cuando sólo habían transcurrido cuatro (4) días en exceso del término comprendido en la Ley Núm. 88. Es pertinente enfatizar que la suspensión de la vista pautada para el 2 de abril de 2008, fue debido a que el menor J.L.J.R. no contaba con representación legal y no se encontraban en sala dos testigos esenciales del Ministerio Fiscal. Sin embargo, se ha resuelto que la incomparecencia de un testigo esencial del Ministerio Fiscal, como razón para la suspensión del señalamiento, constituye justa causa.

Por lo anterior, entendemos que la petición de un turno posterior por parte de la Procuradora no fue intencional ni con el propósito de perjudicar a los menores; además, éstos no probaron que sufrieron perjuicio por la dilación en la celebración de la vista. Tampoco constituye una petición irrazonable que el Tribunal no pudiera conceder. La determinación del TPI fue extremadamente una radical donde no hubo un balance adecuado de los intereses involucrados.

El Tribunal Supremo ha expresado que la mera dilación, sin más, no constituye una violación al derecho a juicio rápido, por lo que no debe conllevar la desestimación del caso.

## IV

Por los fundamentos anteriormente esbozados, se expide el auto de *certiorari,* se revoca la resolución recurrida y se devuelve el caso al TPI para la continuación de los procedimientos.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. María E. Pérez Ortiz
Secretaria del Tribunal de Apelaciones