EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pueblo de Puerto Rico<br><br>    Recurrido<br><br>        v.<br><br>Iván Marval Pimentel<br><br>    Peticionario | Certiorari<br><br>2010 TSPR 238<br><br>182 DPR ____ |

Número del Caso:    CC-2010-979


Fecha: 16 de noviembre de 2010


Tribunal de Apelaciones:

                Región Judicial de Fajardo, Panel Especial XI


Juez Ponente:        Hon. Nestor S. Aponte Hernández


Abogado de la Parte Peticionaria:

                Lcdo. Félix A. Cifredo Cancel


Oficina de la Procuradora General:

                Lcda. Zaira Z. Girón Anadón
                Subprocuradora General

                Lcda. Luana R. Ramos Carrión
                Procuradora General Auxiliar


Materia: Art. 198 CP y otros


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        vs.                        CC-2010-979      Certiorari

Iván Marval Pimentel

    Peticionario

RESOLUCIÓN

San Juan, Puerto Rico, a 16 de noviembre de 2010.

A la petición de *certiorari* y a la *Moción de Orden en Auxilio de Jurisdicción*, no ha lugar.

Como se sabe, hemos establecido que para considerar un planteamiento sobre violación a juicio rápido se deben evaluar los siguientes criterios: (1) la duración de la tardanza; (2) las razones para la dilación; (3) si el acusado invocó oportunamente su derecho; y (4) el perjuicio que resulte de la tardanza. A esos efectos y en cuanto a las razones para la dilación, el Tribunal de Apelaciones mencionó que el 10 de diciembre de 2009, fecha en que se señaló originalmente la vista preliminar, "el agente no se presentó y **mediante acuerdo entre el Ministerio Público y la representación legal del señor Marval se transfirió la vista para el 17 de diciembre de 2009**". Sentencia del Tribunal de Apelaciones, Apéndice a la pág. 104. Cónsono con ello, el Tribunal de Primera Instancia indicó que no hubo dilación excesiva "más aún cuando hubo una interrupción de los términos con la anuencia de la defensa…con el propósito de someter el caso por el expediente". Resolución del Tribunal de Primera Instancia. Apéndice a la página 98.

En vista de lo anterior, creemos que el acusado renunció a su derecho a juicio rápido y a los términos de la Regla 64(n) de Procedimiento Criminal, 34 L.P.R.A. Ap II. Éste renunció voluntariamente a reclamar ese derecho al aceptar que la vista preliminar fuera pospuesta. En ese momento, el abogado de defensa se debió percatar de que los términos podrían ser transgredidos y le correspondía defender el derecho de su cliente. Además, opinamos que no se causó perjuicio real al acusado y que la dilación no fue irrazonable.

Notifíquese por teléfono, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria Interina del Tribunal Supremo. El Juez Presidente señor Hernández Denton emitió Voto Particular Disidente al cual se unió la Juez Asociada señora Rodríguez Rodríguez. La Jueza Asociada señora Fiol Matta no intervino.


Larissa Ortiz Modestti
Secretaria Interina del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       vs.                      CC-2010-979     Certiorari

Iván Marval Pimentel

    Peticionario

Voto Particular Disidente emitido por el Juez Presidente SEÑOR HERNÁNDEZ DENTON al cual se unió la Juez Asociada SEÑORA RODRÍGUEZ RODRÍGUEZ

San Juan, Puerto Rico, a 16 de noviembre de 2010.

El día de hoy este Tribunal deniega expedir el recurso de epígrafe cuando de éste surge una clara violación al derecho fundamental a juicio rápido que le asiste al Sr. Iván Marval Pimentel en el proceso penal que pesa en su contra. Ante tal proceder, nos vemos obligados a respetuosamente disentir pues entendemos que la Resolución que hoy se emite está al margen del derecho vigente aplicable y de la jurisprudencia interpretativa que nos sirve de precedente.

I.

En junio de 2009, el Ministerio Público le presentó al señor Marval Pimentel varias denuncias por alegadas infracciones a los Arts. 198 y 199 del Código Penal, 33 L.P.R.A. secs. 4826-4827, y violaciones a los Arts. 5.04 y 5.15 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 458(c)-458(n), por hechos presuntamente ocurridos el 7 de junio de 2009. Así las cosas, el 8 de junio de ese mismo año al señor Marval Pimentel se le determinó causa probable para arresto. No obstante, y luego de otros trámites procesales, el 14 de septiembre de 2009 el Tribunal de Primera Instancia desestimó los pliegos acusatorios del caso al amparo de la Regla 64(n)(1) de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 64(n)(1).

Posteriormente, el 20 de noviembre de 2009, el Ministerio Público presentó de nuevo varias denuncias contra el señor Marval Pimentel al amparo de la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 67. Asimismo, el foro de instancia determinó causa probable para arresto en ausencia contra el acusado y le impuso una fianza de $125,000. Por tal razón, el 24 de noviembre de 2009, el señor Marval Pimentel fue arrestado y, como no pudo cumplir con la fianza correspondiente, fue encarcelado. La vista preliminar para determinar causa para acusar se señaló para el 10 de diciembre del mismo año. Llegado ese día, sin embargo, el Ministerio Público no

estuvo preparado para celebrar la vista, por lo que ésta se reseñaló para el 17 de diciembre de 2009.

Luego de determinarse causa probable para acusar por algunos de los delitos imputados, el foro primario señaló el acto de lectura de acusación para el 7 de enero de 2010, y el juicio para el 4 de febrero de ese mismo año. El 7 de enero, sin embargo, el Ministerio Público todavía no había presentado las acusaciones correspondientes, por lo que el acto de lectura de acusación se reseñaló para el 11 de febrero, fecha en la cual la defensa del señor Marval Pimentel anunció que estaría presentando formalmente una solicitud de desestimación al amparo de la Regla 64(n)(1) de Procedimiento Criminal, *supra*.

En la referida solicitud de desestimación, el señor Marval Pimentel alegó que, de conformidad con lo dispuesto en la Regla 64(n)(1) de Procedimiento Criminal, *supra*, y lo preceptuado por este Tribunal en Pueblo v. Cartagena Fuentes, 152 D.P.R. 243 (2000), el Ministerio Público tenía hasta el 24 de diciembre de 2009 para presentar las acusaciones en su contra, hecho que ocurrió el 8 de enero de 2010, 15 días luego de vencido el término para ello. El foro de instancia, luego de escuchar a las partes, declaró no ha lugar la solicitud de desestimación.

No obstante, el 22 de abril de 2010, luego de varios trámites procesales, el Tribunal de Primera Instancia declaró ha lugar una solicitud de *habeas corpus* presentada por el señor Marval Pimentel, por lo que se ordenó su

debida excarcelación. El 4 de mayo de 2010, día señalado para el juicio, el Ministerio Público no estuvo preparado, por lo que se reseñaló para el 7 de junio. Mientras tanto, inconforme con la determinación de proveer no ha lugar a su solicitud de desestimación, el señor Marval Pimentel acudió ante el Tribunal de Apelaciones, foro que confirmó el dictamen de instancia.

Insatisfecho, oportunamente el señor Marval Pimentel acude ante nos y alega, esencialmente, que erró el Tribunal de Apelaciones al confirmar un dictamen del foro primario que declaró no ha lugar a una petición de desestimación al amparo de la Regla 64(n)(1) de Procedimiento Criminal, *supra*. Esto, pues aduce que el Estado no probó justa causa para tardar 45 días, desde el arresto del señor Marval Pimentel, en presentar las correspondientes acusaciones, 15 días en exceso del límite estatuido como razonable en nuestro cuerpo procesal criminal. Le asiste la razón. Veamos.

## II.

El derecho fundamental a juicio rápido está consagrado en la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1. Asimismo, nuestras Reglas de Procedimiento Criminal y el precedente jurisprudencial han delimitado términos razonables de tiempo constitucional para procesar penalmente a un ciudadano entre el arresto y el juicio, pues este derecho fundamental cobra vigencia desde que el imputado de delito

es detenido o está sujeto a responder. <u>Pueblo v. Cartagena</u>, 152 D.P.R. 243, 248 (2000). <u>Pueblo v. Candelaria Vargas</u>, 148 D.P.R. 591 (1999); <u>Pueblo v. Miró González</u>, 133 D.P.R. 813 (1993).

Específicamente, la Regla 64(n) de Procedimiento Criminal, *supra*, que regula estatutariamente el derecho a juicio rápido, establece términos temporales que transcurren simultáneamente partiendo desde el momento del arresto o de la detención del imputado, como lo es un término para la presentación de la acusación en casos graves y un plazo para la celebración de la vista preliminar, dependiendo de la condición procesal del imputado. <u>Pueblo v. Cartagena Fuentes</u>, supra pág. 249. Sobre la presentación de la acusación en un proceso penal a un imputado sumariado, la referida regla preceptúa que:

> La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
> (1) **Que el acusado estuvo detenido en la cárcel por un total de treinta (30) días después de su arresto sin que se hubiere presentado acusación o denuncia contra él**, o que ha estado detenido por un total de quince (15) días sin que se hubiere presentado una acusación o denuncia contra él si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con la Regla 6(a). Regla 64(n)(1) de Procedimiento Criminal, *supra*. (Énfasis suplido)

Como se desprende del texto de la Regla 64(n)(1), *supra*, el legislador entendió que el término constitucionalmente razonable para que se le presente la acusación a un imputado detenido o sujeto a responder, cuando éste está detenido preventivamente, es de treinta días. El plazo para imputados de delito que no estén sumariados es el doble, a saber, sesenta días. Véanse E.L. Chiesa, Derecho Procesal penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1992, Vol. II, pág. 158; O.E. Resumil, Derecho Procesal Penal, Orford, Equity Co., 1990, T.1, pág. 374.

No obstante, también hemos expresado que la inobservancia de este término, por sí sola, no necesariamente constituye una violación al derecho a juicio rápido, ni conlleva, como consecuencia, la desestimación de la denuncia o acusación. Pueblo v. Candelaria, supra pág. 598. Por ello, en Pueblo v. Rivera Tirado, 117 D.P.R. 419, 433 (1948), adoptamos de la jurisdicción federal cuatro criterios para evaluar si el incumplimiento con un término estatuido sobre juicio rápido lacera este derecho fundamental. A saber, el tribunal deberá evaluar: (1) la duración de la tardanza; (2) las razones para la dilación; (3) si el acusado ha invocado oportunamente ese derecho, y (4) el perjuicio resultante de la tardanza. *Íd*; Pueblo v. Guzmán, 161 D.P.R. 137, 154-155 (2004); Véanse, además, Solem v. Helm, 463 U.S. 277 (1983); Barker v. Wingo, 407 U.S. 514 (1972).

Luego de ponderar las circunstancias del caso en particular mediante los criterios antes esbozados, si el tribunal entiende que se laceró el derecho a juicio rápido, entonces el remedio más apto y adecuado es el que nos proporciona la propia Regla 64(n), *supra*: la desestimación de la acusación o denuncia. Véase Barker v. Wing, supra pág. 522. Véase, además, Strunk v. United States, 412 U.S. 434, 440 (1973); Chiesa, op. cit., págs. 84-86.

Con estos preceptos en mente, pasemos a analizar concretamente el caso ante nos.

## III.

En el caso de autos no hay controversia sobre la dilación o tardanza que ocurrió entre el arresto del señor Marval Pimentel y la presentación de las acusaciones por parte del Ministerio Público. Como surge del expediente, el 24 de noviembre de 2009 el acusado de epígrafe fue arrestado al habérsele encontrado causa probable para arresto el 20 de ese mismo mes y año. No obstante, no es hasta el 8 de enero de 2010 que el Ministerio Público presentó las correspondientes acusaciones contra el señor Marval Pimentel. En otras palabras, que entre el arresto del acusado y la presentación de las acusaciones transcurrieron cuarenta y cinco días, lo que supone quince días en exceso de lo constitucionalmente razonable que contemplan estatutariamente las Reglas de Procedimiento Criminal en la Regla 64(n)(1), *supra*.

Sobre el segundo criterio, las razones para la dilación, el Ministerio Público, a través de la Procuradora General, señaló que existió justa causa para la tardanza porque ésta se debió a la ausencia de un testigo de cargo durante la vista preliminar. No le asiste la razón.

Como es sabido, el término para presentar la acusación durante un proceso penal transcurre paralelamente con el término preceptuado para celebrar la vista preliminar en casos donde se imputen delitos graves. Por ende, no es un mismo término que, de haber justa causa para dilatar uno, ésta le aplique al otro. El Ministerio Público, por el contrario, aduce como justa causa que la vista preliminar se tuvo que celebrar el 17 de diciembre de 2009 porque un testigo fundamental no se encontraba para una fecha anterior. Con esta razón, intenta justificar que el término para presentar las acusaciones en este caso se haya dilatado por cuarenta y cinco días, lo que supone, como ya hemos dicho, quince días en exceso de lo permitido. Si bien esta razón podría ser justa causa para reseñalar la vista preliminar, o para no desestimar las denuncias por haberse realizado fuera del término, no es posible que sea justa causa para presentar las acusaciones fuera del término establecido para ello en este caso.

En esencia, no hay coherencia lógica entre la justa causa para aplazar una vista preliminar, y el cumplir con el término reglamentario para presentar las acusaciones. Así, pues, si en este caso la vista preliminar se llevó a

cabo el 17 de diciembre de 2009, el Ministerio Público tuvo siete días para cumplir con el término reglamentario para presentar las acusaciones, lo que hizo veintidós días después. Por lo tanto, no es plausible que la ausencia de un testigo de cargo en el primer señalamiento de la vista preliminar haya justificado en el caso de autos la demora en la presentación de las acusaciones.

Sobre el tercer criterio, que analiza si el acusado invocó oportunamente su derecho, entendemos que el señor Marval Pimentel lo cumplió satisfactoriamente. A tales efectos, el señor Marval Pimentel expresó en el acto de lectura de acusación que presentaría formalmente una moción de desestimación por violaciones a juicio rápido. Evidentemente, fue en el primer momento que tuvo ante el foro judicial que el hoy acusado invocó su derecho constitucional a juicio rápido.

Por esta razón, erró el Tribunal de Apelaciones al entender que el acusado renunció a su derecho a juicio rápido cuando consintió que el acto de lectura de acusación se celebrara catorce días después de finalizado el término de treinta días establecido en la Regla 64(n)(1) de Procedimiento Criminal, *supra*. No obstante, dicha regla no regula en ninguna parte término referente al acto de lectura de acusación, sino el término que debe cumplir el Ministerio Público cuando se apresta a presentar una acusación. Por esta razón, confundir ambas acciones procesales tendría el efecto de añadirle a la referida

regla un término para realizar el acto de lectura de acusación. Como demuestra este caso, el acto de lectura de acusación se llevó a cabo el 11 de febrero de 2010, pero las acusaciones presentadas fueron presentadas el 8 de enero de ese mismo año.

Concluir que por haber consentido al reseñalamiento del acto de lectura de acusación el acusado de epígrafe renunció a su derecho fundamental a juicio rápido, como señaló el Tribunal de Apelaciones, sería equiparar la presentación de las acusaciones y el acto de lectura de acusación durante el proceso penal a los términos contemplados en la Regla 64(n) de Procedimiento Criminal, *supra*. Por ende, entendemos que el señor Marval Pimentel invocó su derecho constitucional a juicio rápido tan pronto como compareció al foro judicial, siendo oportuno su reclamo.

Respecto el cuarto criterio, como ya hemos determinado que no hubo justa causa de parte del Ministerio Público para la dilación de los procedimientos en este caso, entendemos que el reclamo de daños sufridos por el señor Marval Pimentel es suficiente como para desestimar los pliegos acusatorios que penden contra él. Según el señor Marval Pimentel, lo opresivo de su privación de libertad le causó angustias y nerviosismo por el proceso opresivo que ya de por sí es una encarcelación. Así, es preciso recordar que en <u>Pueblo v. Cartagena</u>, supra pág. 254, expresamos que no debe caber duda del perjuicio resultante de hallarse

encarcelado indebidamente, en detrimento del derecho constitucional a la presunción de inocencia, desligado de la vida familiar, a expensas de las calamidades del sistema carcelario, **al efecto nocivo de que se vea perjudicada su defensa con el transcurrir del tiempo y expuesto a la incertidumbre de la espera de una determinación.**

Por esta razón, somos del criterio de que en este caso el Ministerio Público, quien debía sostener su dilación mediante justa causa, no cumplió con demostrar que la demora estuvo justificada. Mucho menos podemos concluir que el señor Marval Pimentel renunció a su derecho constitucional a juicio rápido al no oponerse a un señalamiento de acto de lectura de acusación fuera del término para presentar la acusación. Por lo tanto, al ocurrir una demora tan injustificada como la que se realizó unilateralmente en este caso, concluimos que sí se le violó el derecho fundamental a juicio rápido que cobija al acusado durante todo el proceso penal.

Por lo tanto, ordenaríamos paralizar los trámites en el Tribunal de Primera Instancia y expediríamos el recurso de *certiorari*.

Federico Hernández Denton
Juez Presidente