Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| EL Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Roberto L. García Vega<br><br>Recurrido | Certiorari<br><br>2012 TSPR 137<br><br>186 DPR ____ |

Número del Caso: CC-2012-38

Fecha: 10 de septiembre de 2012

Tribunal de Apelaciones:

     Región Judicial de San Juan

Oficina del Procurador General:

     Lcdo. Luis Román Negrón
     Procurador General

     Lcda. Daphne Cordero Guilloty
     Procurador General Auxiliar

Abogados de la Parte Recurrido:

     Lcdo. Edgar Vega Pabón

Materia: Procedimiento Criminal – Regla 64(a) – justa causa para prorrogar términos de juicio rápido.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

    v.

                          CC-2012-0038

Roberto L. García Vega

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico a 10 de septiembre de 2012.

Comparece ante nos el Pueblo de Puerto Rico, por conducto del Procurador General, y solicita la revisión de una sentencia que confirmó la desestimación del pliego acusatorio sometido contra el Juez Superior, Hon. Roberto García Vega, por violación de los Arts. 4.02, 5.07 y 7.02 de la Ley Núm. 22-2000, conocida como Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. secs. 5102, 5127, 5201 y 5205. El Tribunal de Apelaciones, al igual que el Tribunal de Primera Instancia, fundamentó la desestimación en una alegada violación de los términos de juicio rápido.

La presente controversia nos permite resolver, por primera vez, si un referido a la División de Integridad Pública del Departamento de Justicia para que ausculte si procede la designación de un Fiscal Especial Independiente (F.E.I.), constituye justa causa para prorrogar los términos de juicio rápido. Evaluada la controversia, resolvemos en la afirmativa.

I

Al recurrido, Roberto García Vega, se le denunció por violar los Arts. 4.02, 5.07, 7.01 y 7.02 de la Ley Núm. 2-2000, supra. Al momento de los hechos, ocurridos el 28 de enero de 2011, García Vega se desempeñaba como Juez Superior en Utuado. Alegadamente, ese día, a eso de las 11:15 p.m., el recurrido García Vega transitaba por la Avenida Fernández Juncos, intersección con la Avenida Roberto H. Todd en Santurce, cuando impactó con su vehículo Toyota Yaris el automóvil Mitsubishi Montero que conducía la Sra. Luciana Genau Castro. Se alega que el recurrido García Vega no se detuvo al momento de ocasionar el accidente, sino que continuó la marcha y fue detenido aproximadamente seis cuadras más adelante por el agente Edwin Medina Rosado.

Según se alega, en el momento en que el agente Medina Rosado detuvo al recurrido García Vega, le hizo las debidas advertencias de ley tras sospechar que conducía bajo los efectos de bebidas embriagantes. Acto seguido, le indicó que procedería a hacerle una prueba para determinar el nivel de alcohol en su organismo. El

recurrido García Vega solicitó que se le administrara la prueba de sangre. Por ello, bajo la custodia del agente Medina Rosado, el recurrido García Vega fue transportado a la División de Tránsito de San Juan. Al llegar allí, supuestamente le indicaron que no tenían los materiales para realizar la prueba de sangre. Se alega que el agente Medina Rosado solicitó al recurrido García Vega que se sometiera a la prueba de aliento (*Intoxilyzer*), pero este se negó. Insistió en que la única prueba que se realizaría sería la de sangre.

Así pues, el agente Medina Rosado procedió a suscribirle una citación escrita al recurrido García Vega. De ella se desprende que debía comparecer a la vista de determinación de causa probable para arresto (Regla 6) ante el Tribunal de San Juan, Sala de Investigaciones, el 10 de marzo de 2011 a las 10:00 p.m. Supuestamente el 28 de enero de 2011 el agente Medina Rosado citó verbalmente y por escrito al recurrido García Vega para que compareciera el 10 de marzo de 2011 a las 10:00 a.m. a la celebración de la vista de causa para arresto en su contra. Alegadamente, esa fue la fecha que acordaron ambos luego de auscultar varias por la apretada agenda del recurrido García Vega.

En la citación firmada por el agente Medina Rosado, se reseñó que había motivos fundados para creer que el recurrido García Vega conducía un vehículo de motor bajo los efectos de bebidas alcohólicas. También se incluyeron las advertencias de ley y se apercibió al recurrido

García Vega que de no comparecer en la fecha, hora y lugar indicado se expediría una orden de arresto en su contra.

El 10 de marzo de 2011, a las 10:00 a.m., se personaron al tribunal los testigos de cargo y la perjudicada. El recurrido García Vega no se presentó al tribunal, pues su citación indicaba que la vista se celebraría a las 10:00 p.m. Debido a la incomparecencia del recurrido García Vega, la vista de causa probable no se celebró.

Ahora bien, surge del expediente que ese día los fiscales entrevistaron a la perjudicada. Del diálogo surgió la posibilidad de que se imputara al recurrido García Vega un cargo adicional por violar el Art. 7.06 de Ley Núm. 22-2000, supra, 9 L.P.R.A. sec. 5206, (grave daño corporal a un ser humano). Como el recurrido García Vega es un funcionario público, la Fiscalía refirió el Asunto a la División de Integridad Pública del Departamento de Justicia. Ese trámite es compulsorio para funcionarios públicos como el recurrido García Vega que están cubiertos por las disposiciones de la Ley Núm. 2 de 23 de febrero de 1988, según enmendada, conocida como Ley del Fiscal Especial Independiente (F.E.I.), 3 L.P.R.A. sec. 99h et seq.

El 12 de abril de 2011 la División de Integridad Pública comunicó que las heridas que sufrió la señora Genau Castro no eran de naturaleza grave. Por ello, no procedía el referido al Panel del F.E.I. Con esa

aclaración, el Ministerio Público procedió con el trámite de rigor y reprogramó la vista.

El 9 de mayo de 2011 se celebró la audiencia. Tras su celebración, se determinó causa probable contra el recurrido García Vega y se presentaron denuncias por los Arts. 4.02, 5.07, 7.01 y 7.05 de la Ley Núm. 22-2000, supra. El juicio en su fondo se pautó para el 14 de junio de 2011.          El recurrido García Vega presentó dos mociones de desestimación al amparo de las Reglas 64(n)(2) y 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En la primera de ellas, alegó que transcurrieron más de sesenta días desde que se expidió la citación sin que se presentaran las denuncias. Explicó que el término para computar los sesenta días de juicio rápido comenzó el 29 de enero de 2011, fecha en que se expidió la citación, pero no fue hasta el 9 de mayo de 2011 que se sometió el caso ante un magistrado. Por consiguiente, concluyó que transcurrieron cien días desde la fecha de la citación y la fecha en que se celebró la vista de causa probable para arresto. En la segunda moción al amparo de la Regla 64(p) de Procedimiento Criminal, supra, puntualizó que la prueba desfilada en la vista de causa probable para arresto fue insuficiente para encontrarlo incurso en violación de los Arts. 4.02, 5.07, 7.01 y 7.05 de la Ley Núm. 22-2000, supra.

El Ministerio Público se opuso. En síntesis, arguyó que durante la vista de determinación de causa probable para arresto se colocó al tribunal en condición de

concluir que el recurrido García Vega cometió los delitos imputados. En cuanto a la supuesta violación del término estatutario para presentar la denuncia, el Ministerio Público adujo justa causa para la demora. Explicó que esta se debió al referido que tuvo que hacer a la División de Integridad Pública para que evaluara si procedía el cargo por el Art. 7.06 de la Ley Núm. 22-2000, supra.

El día pautado para el inicio del juicio, ambas partes argumentaron sobre las mociones presentadas. En síntesis, el Ministerio Público expuso que a pesar de que la citación contenía un error en cuanto a la hora de la vista de causa probable para arresto, el agente Medina Rosario citó verbalmente al recurrido García Vega para las 10:00 a.m. Añadió que aunque los términos de la Regla 64(n)(2), supra, comenzaran a contarse desde el 28 de enero de 2011, hubo justa causa para la dilación debido al referido que tuvo que hacerse a la División de Integridad Pública. Por su parte, la defensa concentró su argumentación en la discusión de jurisprudencia referente a desde cuándo un imputado de delito está sujeto a responder (held to answer) y en sostener que no habían motivos para el referido a la División de Integridad Pública, por lo que, a su parecer, no hubo justa causa para la dilación.

Tras oír a las partes, el Tribunal de Primera Instancia dictó sentencia. En ella, declaró con lugar la solicitud de desestimación que presentó la defensa al

amparo de la Regla 64(n)(2) de Procedimiento Criminal, supra. El Tribunal de Primera Instancia concluyó que se violó el derecho a juicio rápido del recurrido García Vega, ante la falta de diligencias e irregularidades imputables al Estado. Como consecuencia, se desestimó con perjuicio el caso al amparo de la Regla 67 de Procedimiento Criminal, supra, se dejó sin efecto el señalamiento del juicio y se declaró académica la consideración de la solicitud de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, supra.

Inconforme con esa determinación, el Ministerio Público presentó una petición de *certiorari* ante el Tribunal de Apelaciones. Alegó que erró el foro primario al desestimar la acción por violación de los términos de juicio rápido. También planteó que el foro primario incidió al resolver que la suspensión de la vista de causa probable para el arresto era imputable al Estado. Por último, y en la alternativa, alegó que erró el tribunal al no establecer que el plazo dispuesto en la Ley Núm. 2, supra, para atender un referido a la División de Integridad Pública se sobrepone a los términos de rápido enjuiciamiento, o que al menos constituye justa causa para extenderlos.

El foro apelativo intermedio expidió el recurso y confirmó la determinación del foro primario. Resolvió que el error de haber citado por escrito al recurrido para una vista a las 10:00 p.m., pero la cual se llamó a sala a las 10:00 a.m., era imputable al Estado. Razonó que el

recurrido García Vega no se ausentó voluntariamente al señalamiento y que, por tanto, ello no interrumpió los términos de juicio rápido. Asimismo, determinó que no tiene fundamento jurídico válido el argumento de que el plazo para procesar el referido a la División de Integridad Pública se sobrepone al de juicio rápido. Por ello, entendió que ese referido no constituyó justa causa para la demora pues no se evidenciaron los motivos que propulsaron el referido.

Todavía inconforme, el Procurador General presentó una petición de *certiorari* ante este Tribunal. En síntesis, imputó al foro apelativo intermedio cometer los mismos errores que cometió el Tribunal de Primera Instancia. Ordenamos al recurrido García Vega que mostrara causa por la cual no se debía expedir el auto de *certiorari* y revocar el dictamen del Tribunal de Apelaciones. Oportunamente este compareció. Con el beneficio de los argumentos de ambas partes, pasamos a resolver.

II

Por regla general, la facultad y responsabilidad de investigar, acusar y procesar una alegada conducta constitutiva de delito público recae en la persona del Secretario de Justicia y de los fiscales adscritos al Departamento de Justicia. Pueblo v. Rexach, 130 D.P.R. 273 (1992). Véase, además, Ley Orgánica del Departamento de Justicia, Ley Núm. 205-2004, 3 L.P.R.A. sec. 292. Sin embargo, ante los múltiples conflictos de intereses que

la historia demostró que se suscitaron para encausar a funcionarios gubernamentales, el legislador entendió prudente crear una figura ajena que se encargara de hacerlo. Así, la Ley Núm. 2, supra, "creó la figura del Fiscal Especial Independiente con el propósito de prevenir, erradicar y penalizar cualquier comportamiento delictivo o indebido de los funcionarios gubernamentales a fin de restaurar la confianza del Pueblo en su gobierno y en sus servidores públicos". Pueblo v. Torres Santiago, 175 D.P.R. 116, 124 (2008). Véase, además, In re Invest. Ex Alcalde Vega Alta, 158 D.P.R. 666, 671-672 (2003). Específicamente, esta ley confirió autoridad al F.E.I para "acudir a los tribunales de justicia, en representación del Estado Libre Asociado de Puerto Rico, [e] instar las acciones criminales que procedan como resultado de las investigaciones que realice sobre los asuntos ante su consideración". Íd. Véase, además, Art. 3 de la Ley Núm. 2, 3 L.P.R.A. sec. 99j.

El Art. 4, inciso 1, de la mencionada Ley Núm. 2, 3 L.P.R.A. sec. 99k, faculta al Secretario de Justicia para que lleve

> a cabo una investigación preliminar en todo caso en que **reciba información bajo juramento que a su juicio constituya causa suficiente para investigar si se ha cometido cualquier delito grave** y menos grave incluido en la misma transacción o evento y los delitos contra los derechos civiles, la función pública y el erario público, por alguno de los siguientes funcionarios:
> …
> **(h) jueces,** y
> **(i)** todo individuo que haya ocupado cualesquiera de los cargos antes enumerados,

> **a quien se le impute la comisión de cualquier delito grave y menos grave incluido en la misma transacción** o evento y los delitos contra los derechos civiles, la función pública y el erario público, mientras ocupaba uno de los cargos enumerados, sujeto a que la designación del Fiscal Especial se haga dentro de los cuatro (4) años siguientes a la fecha en que dicho individuo cesó en su cargo. La fijación de este plazo en nada altera el término prescriptivo de la acción criminal que corresponda contra el funcionario o individuo.

Particularmente, la investigación preliminar que hace el Departamento de Justicia recae en manos de su División de Integridad Pública. Esta oficina se creó mediante la Orden Administrativa 95-01 de 23 de enero de 1995 y se encarga de investigar funcionarios o ex-funcionarios cubiertos por la Ley Núm. 2, _supra_. Véase, http://www.justicia.pr.gov/rs_template/v2/FiscalGeneral/Int_Pub.html. Esta división se encarga de hacer la investigación y una vez la concluye, recomienda al Secretario de Justicia que en los casos que surja la comisión de delitos graves refiera el asunto al Panel del F.E.I. para que determine si asigna la investigación a un F.E.I. para su procesamiento criminal.

El Art. 8 (1) de la Ley Núm. 2, 3 L.P.R.A. sec. 99o(1), dispone que para determinar si existe causa para conducir una investigación preliminar, el Secretario de Justicia considerará los siguientes factores: (a) la seriedad de la imputación que se hace; (b) el grado de participación que se le imputa a la persona investigada; (c) los datos y hechos en que esté basada la imputación;

y (d) la credibilidad de la persona que formula la imputación y de otras fuentes de información.

A su vez, la ley impone al Secretario de Justicia la obligación de completar la investigación preliminar en un término de noventa días. Art. 8 de la Ley Núm. 2, íd. Ahora bien, ese término podrá ser prorrogado por un plazo adicional no mayor que el original si por la naturaleza del caso o su complejidad no se puede completar dentro del término original. Íd.

En caso de que el Secretario de Justicia, luego de recibir una querella o imputación contra cualquier funcionario, empleado, ex-funcionario o ex-empleado no tome acción alguna en el término de noventa días o en el término no mayor de ciento ochenta días, cuando hubiere obtenido una prórroga, deberá someter todo el expediente investigativo al Panel, que determinará si procede el nombramiento de un Fiscal Especial Independiente que lleve a cabo la investigación y procesamiento que sea necesario para la disposición de la querella. Art. 9 de la Ley Núm. 2, 3 L.P.R.A. sec. 99p. Así pues, el F.E.I. no pierde su jurisdicción ni está legalmente impedido de presentar cargos contra funcionarios públicos únicamente porque el Secretario de Justicia no haya finalizado la investigación preliminar en el plazo dispuesto o extendido por una prórroga. La consecuencia del incumplimiento con el término por parte del Secretario de Justicia es que pierde su facultad para investigar y debe remitir el caso al Panel del F.E.I., para que este a su

vez determine si procede realizar una investigación preliminar. Pueblo v. Rodríguez Santana, 146 D.P.R. 860, 876 (1998).

Concluida la investigación preliminar, el Secretario de Justicia remitirá un informe y el expediente del caso al Panel. Art. 4 de la Ley Núm. 2, supra. Hará esto aunque su recomendación sea que no se designe un F.E.I. Íd. Luego de recibir el expediente del caso y el informe del Secretario de Justicia, corresponde al Panel determinar si procede o no la designación de un F.E.I. Art. 11 de la Ley Núm. 2, supra, 3 L.P.R.A. sec. 99r. De la misma forma, el F.E.I. estará a cargo de la investigación y determinará si deben presentarse denuncias en contra del funcionario investigado. Por consiguiente, es el F.E.I. quien tendrá **jurisdicción exclusiva** para investigar y procesar aquellas acciones penales contenidas dentro de la encomienda que se le asigne. Art. 13 de la Ley Núm. 2, supra, 3 L.P.R.A. sec. 99t.

III

El Art. II, Sección 11 de la Constitución de Puerto Rico, L.P.R.A., Tomo I, está basado en la Sexta Enmienda de la Constitución de los Estados Unidos de América. Garantiza el derecho de todo acusado a un juicio rápido. Véanse, además, Pueblo v. García Colón I, 182 D.P.R. 129, 140 (2011); Pueblo v. Carrión, 159 D.P.R. 633, 639 (2003). Cónsono con ese mandato, el legislador puertorriqueño instrumentó en la Regla 64(n) de

Procedimiento Criminal, supra, "unos términos razonables que rigen el alcance del referido precepto constitucional a lo largo de las distintas fases del procedimiento penal". Íd. Por ello, "[e]l derecho a juicio rápido no se circunscribe al acto del juicio propiamente dicho; se extiende para abarcar todas las etapas en progresión gradual desde la imputación inicial de delito". Pueblo v. Opio Opio, 104 D.P.R. 165, 169 (1975).

El derecho a juicio rápido persigue un propósito dual. Pueblo v. Valdés et al., 155 D.P.R. 781, 789 (2001). Se "ampara tanto al acusado como a la sociedad". Pueblo v. Cartagena Fuentes, 152 D.P.R. 243, 249 (2000). "Por un lado, se procura proteger al acusado contra su detención opresiva, se minimizan sus ansiedades y preocupaciones, y se reducen las posibilidades de que su defensa se afecte". Íd. Véanse, además, Pueblo v. García Colón I, supra, pág. 141; Pueblo v. Rivera Santiago, 176 D.P.R. 559, 570 (2009); Pueblo v. Carrión, supra, pág. 640; Pueblo v. Rivera Tirado, 117 D.P.R. 419, 432 (1986). Por el otro, se intentan satisfacer "las exigencias sociales de enjuiciar con prontitud a quienes son acusados de violentar sus leyes". Íd. A eso se suma el interés de evitar, "que una demora indebida haga más difícil para el Estado el procesamiento efectivo de los criminales, al dificultarse la prueba de los cargos más allá de duda razonable". Pueblo v. Carrión, supra, pág. 640. Véase, además, G. González Colón, El derecho a

juicio rápido en el procedimiento criminal, 48 Rev. Jur. U.P.R. 645, n.1 (1979).

En múltiples ocasiones hemos expresado "que el derecho a un juicio rápido cobra vigencia desde que el imputado de delito es detenido o está sujeto a responder (*held to answer*)". Pueblo v. Rivera Santiago, supra, pág. 569. Véanse, además, Pueblo v. García Colón I, supra, pág. 141; Pueblo v. Cartagena Fuentes, supra, pág. 248; Pueblo v. Candelaria, 148 D.P.R. 591, 597 (1999); Pueblo v. Miró González, 133 D.P.R. 813, 818 (1993); Pueblo v. Rivera Colón, 119 D.P.R. 315, 321-322 (1987); Pueblo v. Rivera Tirado, supra, pág. 431. Se entiende "que una persona natural o jurídica está "sujeta a responder" cuando está *obligada* a contestar una acusación o denuncia o está *expuesta* a ser convicta". (Énfasis en el original.) Pueblo v. Miró González, supra, pág. 818. Véanse, además, Pueblo v. García Colón I, supra, pág. 141; Pueblo v. Rivera Santiago, supra, pág. 569; Pueblo v. Carrión, supra, pág. 640; Pueblo v. Valdés *et al.*, supra, pág. 788; Pueblo v. Carmen Centrale Inc., 46 D.P.R. 494, 498 (1934).

Particularmente, en Pueblo v. Opio Opio, supra, pág. 170, se sentó la base de que la citación inicia el curso del término de sesenta días que tiene el Estado para presentar la acusación o denuncia. Véanse, además, Pueblo v. García Colón I, supra, pág. 141; Pueblo v. Rivera Colón, supra, pág. 322; Hernández Pacheco v. Flores

<u>Rodríguez</u>, 105 D.P.R. 173, 177 (1976). En otras palabras, "esta protección constitucional se activa cuando se pone en movimiento el mecanismo procesal, que puede culminar en una convicción, cuyo efecto legal es obligar a la persona imputada a responder por la comisión del delito que se le atribuye". <u>Pueblo v. Valdés</u> *et al.*, <u>supra</u>, pág. 788. Véanse, además, <u>Pueblo v. Cartagena Fuentes</u>, <u>supra</u>, pág. 248; <u>Pueblo v. Miró González</u>, <u>supra</u>, pág. 818. Véase, además, E. L. Chiesa, <u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>, Colombia, Forum Pub., 1992, Vol. II, sec. 12.1, págs. 130-131. En <u>Pueblo v. Rivera Santiago</u>, 126 D.P.R. 810, 813 (1990) (Sentencia), expresamos que

> [l]as disposiciones sobre juicio rápido antes discutidas son aplicables a los casos en que se ha violado alguna disposición de la Ley de Vehículos y Tránsito a causa de la cual se expide una denuncia-citación. <u>Martínez v. Tribunal Superior</u>, 81 D.P.R. 945 (1960). Esto es así ya que, desde el momento en que el agente de la Policía expide y entrega la denuncia-citación, el imputado de la violación a la ley está sujeto a responder. <u>Pueblo v. Tribunal Superior</u>, 81 D.P.R. 455 (1959); <u>Pueblo v. Carmen Centrale, Inc.</u>, [<u>supra</u>].

La Regla 64(n) de Procedimiento Criminal, <u>supra</u>, reglamenta estatutariamente el derecho a juicio rápido. En ella, se encuentran "varios términos *que corren simultáneamente partiendo del momento del arresto o de la detención* del imputado, para la presentación de la acusación en los casos graves, así como para la celebración de la vista preliminar, de acuerdo con la condición procesal del acusado". (Énfasis en el

original.) <u>Pueblo v. Cartagena Fuentes</u>, <u>supra</u>, 249. Específicamente sobre lo que hoy nos concierne, esa regla dispone que se puede solicitar la desestimación de una acusación o denuncia si se demuestra

> [q]ue existen una o varias de las siguientes circunstancias, **a no ser que se demuestre justa causa** para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento
> …
> (2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta (60) días de su arresto o citación o dentro de los treinta (30) días si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a).

Como se aprecia, la mencionada regla permite presentar una moción de desestimación cuando no se ha presentado acusación o denuncia dentro de los sesenta días luego del arresto o citación del imputado. Recientemente señalamos en <u>Pueblo v. García Colón I</u>, <u>supra</u>, pág. 142, que

> el término de 60 días para acusar o denunciar comienza a transcurrir desde que el imputado de delito está "sujeto a responder". Esto es, desde que se determina causa probable para arrestar o citar en virtud de la Regla 6 de Procedimiento Criminal —34 L.P.R.A. Ap. II— o desde que se arresta a una persona conforme a las Reglas 11 o 12 de Procedimiento Criminal —34 L.P.R.A. Ap. II— o desde que se expide una citación al amparo de la Regla 7(a) de Procedimiento Criminal —34 L.P.R.A. Ap. II— sujeta a su validación posterior por un juez. D. Nevares-Muñiz, <u>Sumario de derecho procesal penal puertorriqueño</u>, 8va ed., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2007, pág. 43. Véase, también, E.L. Chiesa Aponte, <u>Derecho procesal penal de Puerto Rico y Estados Unidos</u>, Bogotá, Ed. Forum, 1993, Vol. III, Sec. 21.6, pág. 42.

Ahora bien, los términos dispuestos en la Regla 64(n) de Procedimiento Criminal, *supra*, no son fatales. Pueblo v. Carrión, *supra*, pág. 641. Su extensión es viable por justa causa, por demora atribuible al acusado o si este consiente a ella. Íd. Véase, además, Pueblo v. García Colón I, *supra*, pág. 143. Por eso es que el término de juicio rápido "es un concepto constitucional cuyo contenido no está del todo determinado, es en parte, variable y flexible, capaz de ajustarse a las exigencias de cada caso". Pueblo v. Rivera Santiago, *supra*, pág. 571.

Aunque el derecho a juicio rápido es de carácter fundamental, no es absoluto. Véanse, Pueblo v. Rivera Santiago, *supra*, pág. 570; Pueblo v. Rivera Arroyo, 120 D.P.R. 114, 119 (1987). Por esa razón, ante un planteamiento de violación a los términos de juicio rápido es importante "*tomar en cuenta las circunstancias que rodean su reclamo… Es decir, se trata de un derecho que puede ser compatible con cierta tardanza o demora*". (Énfasis en el original.) Pueblo v. Rivera Santiago, *supra*, págs. 570-571. En fin, este derecho "no está limitado por la tiesa aritmética de la regla que lo concibe". Pueblo v. Valdés *et al.*, *supra*, pág. 790. Véanse, además, Pueblo v. Rivera Santiago, *supra*, pág. 570; Pueblo v. Candelaria, *supra*, pág. 597.

Como mencionáramos, los términos de la Regla 64 "no son fatales y pueden extenderse bien sea por justa causa, por demora atribuible al acusado o si éste consiente a

ella". Pueblo v. Carrión, supra, pág. 641. Se entiende que el acusado renuncia a su derecho a juicio rápido voluntariamente y a sabiendas "si no presenta una moción de desestimación al efecto correspondiente el día de la vista en que debe hacer valer su derecho". Íd., pág. 576. Véanse, además, Pueblo v. Cartagena, supra, pág. 253; Pueblo v. Arcelay Galán, 102 D.P.R. 409, 415-416 (1974). También renuncia, "si no presenta objeción a un señalamiento de vista para una fecha posterior al vencimiento de los términos vigentes estatuidos en la Regla 64(n) de Procedimiento Criminal, supra". Pueblo v. Rivera Arroyo, supra, pág. 120.

Con miras a evaluar la razonabilidad de la dilación de los términos de juicio rápido, se han delineado cuatro criterios que sirven de guía a los tribunales. Estos son: (1) la duración de la tardanza; (2) las razones para la dilación; (3) la invocación oportuna del derecho, y (4) el perjuicio resultante de la tardanza. Pueblo v. García Colón I, supra, pág. 143; Pueblo v. Carrión, supra, pág. 641. Véanse, además, Pueblo v. Rivera Santiago, supra, pág. 574; Pueblo v. Guzmán, 161 D.P.R. 137, 154-155 (2004); Pueblo v. Candelaria, supra, pág. 598; Pueblo v. Rivera Tirado, supra, pág. 433; Barker v. Wingo, 407 U.S. 514 (1972).

Sobre la duración de la tardanza, reiteramos recientemente en Pueblo v. Rivera Santiago, supra, pág. 574, que "la dilación, es decir, la mera inobservancia del término, per se, no necesariamente acarrea una

violación al derecho a juicio rápido ni conlleva la desestimación de la denuncia o la acusación". Véase, además, Pueblo v. Valdés *et al.*, supra, pág. 793. Es cierto que "[u]na dilación mínima es requisito de umbral para que un planteamiento de violación a juicio rápido progrese, no obstante, el remedio extremo de la desestimación sólo debe concederse luego de efectuado un análisis ponderado del balance de los criterios antes esbozados". Íd. Véase, además, Chiesa Aponte, op cit., págs. 141 y 162-163. Por ello, "*al momento de evaluar este criterio, debe prestarse especial énfasis en determinar si la demora fue intencional y opresiva,…, en* cuyo caso, claro está, queda excluida del concepto de justa causa". Íd. (Énfasis en el original.) Véanse, además, Pueblo v. Rivera Tirado, supra, pág. 433; Pueblo v. Rivera Colón, supra, pág. 322. Sin embargo, se debe tener presente que "después de todo, la dinámica de cada causa es singular y única en atención a la naturaleza de los cargos, número de testigos, el carácter de cualquier otra prueba documental o tangible. Son múltiples los elementos imponderables susceptibles de acaecer". Pueblo v. Rivera Tirado, supra, pág. 433.

Respecto a las razones para la dilación hemos dicho que "de ocurrir una dilación excesiva y un reclamo oportuno del imputado, el Ministerio Público debe probar la existencia de una justa causa". Pueblo v. Rivera Santiago, supra, pág. 576. "Hay elementos de justa causa para la demora que reconcilian el derecho a juicio rápido

con las circunstancias reales de cada caso y los derechos del acusado han de atemperarse a la administración práctica de justicia". Hernández Pacheco v. Flores Rodríguez, supra, pág. 177. Así pues, "[p]ara que el motivo de una demora constituya justa causa, debe estar enmarcado dentro de los parámetros de razonabilidad". Íd., pág. 791. Véase, además, Pueblo v. García Colón I, supra, pág. 143. Por eso, "las demoras institucionales, que, de ordinario, son imputables al "Estado" y las cuales no tienen de forma alguna el propósito de perjudicar a la persona imputada o acusada, serán tratadas con menos rigurosidad que las intencionales, cuyo fin es entorpecer la defensa del imputado". (Énfasis en el original.) Pueblo v. Valdés et al., supra, pág. 793. De conformidad con lo anterior, "[q]ueda excluida como justa causa la demora intencional u opresiva". Pueblo v. Rivera Santiago, supra, pág. 576. En síntesis, "el hecho de que las demoras no intencionales merezcan un trato más laxo, no supone que las mismas, ausentes otras circunstancias, justifican la inobservancia de los términos de juicio rápido". Pueblo v. Valdés et al., supra, pág. 794.

Por último, hemos expresado que el derecho se invoca oportunamente cuando se hace antes de que venzan los términos. Pueblo v. Rivera Santiago, supra, pág. 576. El Ministerio Público tiene que demostrar la justa causa para la dilación. En cambio, es el acusado quien tiene que probar el perjuicio que resulta de la tardanza. Al

hacerlo, no tiene que demostrar un estado de indefensión, sino el perjuicio sufrido. Íd. Ahora bien, "el perjuicio sufrido por el acusado con la dilación tiene que ser específico, no puede ser abstracto ni puede apelar a un simple cómputo de rigor matemático; tiene que ser real y sustancial". Íd., pág. 577. Véase, además, Pueblo v. Rivera Tirado, supra, pág. 577. Como vemos, el análisis para determinar la existencia de justa causa para la dilación de los términos de juicio rápido se efectúa al amparo del estándar de la totalidad de las circunstancias. Pueblo v. Santa-Cruz, 149 D.P.R. 223, 239-240 (1999). Véase, además, Pueblo v. Arcelay Galán, 102 D.P.R. 409, 417 (1974).

IV

Al recapitular los hechos de este caso, observamos que en la noche del 28 de enero de 2011, cuando el agente Medina Rosado detuvo al recurrido García Vega por el accidente acaecido, sospechó que este conducía bajo los efectos de bebidas embriagantes. Así pues, le hizo las advertencias de rigor y le indicó que sería necesario hacerle una prueba para determinar el nivel de alcohol en su sangre. Tras suscitarse el inconveniente con la prueba a suministrarse, el agente Medina Rosado expidió al recurrido García Vega una citación para que asistiera posteriormente a la vista de causa probable para arresto.

Conforme a la Regla 11 de Procedimiento Criminal, supra, "un funcionario del orden público podrá hacer un arresto sin la orden correspondiente: (a) cuando tuviere

motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia". Ello procede independientemente de que sea un delito grave o menos grave. Ahora bien, cuando se trata de delitos menos graves, la Regla 7 de Procedimiento Criminal, supra, faculta a los funcionarios del orden público a que expidan una citación en vez de arrestar. La referida citación deberá constar por escrito, firmada por el agente del orden público y apercibir a la persona para que comparezca ante un magistrado y que de no hacerlo, se expedirá una orden de arresto en su contra. Véase, Regla 11 de Procedimiento Criminal, supra. Sobre este particular señalamos en Pueblo v. García Colón I, supra, págs. 142-143, que

> [e]n lo concerniente al efecto de una citación expedida por un agente del orden público sobre los términos dispuestos en la Regla 64(n) de Procedimiento Criminal, supra, debemos precisar que dichos plazos comienzan a transcurrir cuando la citación se lleve a cabo de acuerdo con lo dispuesto en la Regla 7(a) de Procedimiento Criminal, supra. La citación oficial autorizada en la mencionada regla es aquella realizada por un agente del orden público contra una persona que ha cometido un delito menos grave y sobre la cual aquél pueda realizar válidamente un arresto sin orden. Regla 7(a) de Procedimiento Criminal, supra. En otras palabras, la citación que da inicio al procesamiento penal —y por ende a los términos de juicio rápido— es aquella emitida por un funcionario del orden público como alternativa a un arresto que puede válidamente efectuar sin orden judicial conforme a la Regla 11 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Véase Nevares-Muñiz, op. cit., pág. 59; Chiesa Aponte, op. cit., págs. 42-43.

Un análisis del expediente denota que cuando el agente Medina Rosado intervino con el recurrido García Vega, sospechó que este conducía su vehículo de motor bajo los efectos del alcohol. A esto se sumaba el accidente recién acaecido que fue por lo que detuvo al recurrido inicialmente. El Art. 7.04 de la Ley Núm. 22-2000, supra, 9 L.P.R.A. sec. 5204, dispone que incurrirá en delito menos grave toda persona que bajo los efectos de bebidas embriagantes, drogas o sustancias controladas conduzca o haga funcionar cualquier vehículo de motor. Véanse, Art. 7.01 y 7.02 de la Ley Núm. 22-2000, supra, 9 L.P.R.A. secs. 5201 y 5202. Tras la sospecha de que el recurrido García Vega cometió un delito en su presencia, el agente Medina Rosado utilizó la facultad que le confiere la Regla 7 de Procedimiento Criminal y le expidió una citación para que compareciera posteriormente a la vista de causa para arresto.

Una lectura de la citación expedida al recurrido García Vega muestra que se cumplieron los requisitos que esta debe contener. La citación que obra en el expediente: (1) se hizo por escrito; (2) con la firma del agente Medina Rosado y; (3) apercibía al recurrido García Vega que de no comparecer a la vista, se expediría una orden de arresto en su contra. Por consiguiente, tenemos que concluir que desde el 29 de enero de 2011 el recurrido García Vega está sujeto a responder. Véanse, Pueblo v. García Colón I, supra, pág. 142; Pueblo v. Opio Opio, supra, pág. 170. Por lo tanto, ese día se activó el

mecanismo procesal que puso en marcha el término de sesenta días que tiene el Ministerio Público para presentar la acusación o denuncia.

En este caso el término para presentar acusación o denuncia vencía el 30 de marzo de 2011. Sin embargo, una evaluación de la totalidad de las circunstancias que rodearon este caso nos lleva a concluir que hubo justa causa para la demora.

Si se hace un rígido cálculo transcurrieron cien días desde el 29 de enero de 2011, fecha a partir de la que el recurrido García Vega estaba sujeto a responder, hasta el 9 de mayo de 2011, momento en que se celebró la vista de causa probable para arresto. Ahora bien, al repasar los hechos, observamos que para el 10 de marzo de 2011, fecha en que se hizo el referido a la División de Integridad Pública, todavía el Ministerio Público tenía veinte días para presentar acusación o denuncia contra el recurrido García Vega sin violar los términos de juicio rápido. Sin embargo, a partir del 10 de marzo de 2011, la División de Integridad Pública tuvo el expediente por treinta y dos días, es decir, hasta el 12 de abril de 2011. Posteriormente, el 9 de mayo de 2011, se celebró la vista de causa probable para arresto. Entonces, la pregunta obligada es, ¿constituyó el referido justa causa para la dilación? Concluimos que sí.

Aun cuando la citación entregada al recurrido García Vega cumplió con los requisitos formales que exigen las Reglas de Procedimiento Criminal para su expedición,

somos conscientes que la hora que allí constaba para la celebración de la vista de causa probable para arresto estaba incorrecta. Debido a esa equivocación, la vista tuvo que ser suspendida. Sin embargo, ese día comparecieron al tribunal la perjudicada y los demás testigos, quienes fueron citados correctamente para las 10:00 a.m. La fiscal aprovechó que la perjudicada estaba allí y decidió entrevistarla. De la conversación que tuvieron se percató que la querella ante su consideración podía involucrar una infracción del Art. 7.06 de la Ley de Tránsito, supra, que conlleva una pena de delito grave. Al estar involucrado como sujeto activo uno de los funcionarios mencionados en el Art. 4 de la Ley Núm. 2, supra, entendió que **lo más prudente y razonable** era referir el asunto para investigación preliminar a la División de Integridad Pública del Departamento de Justicia.

En su comparecencia ante este Tribunal, el recurrido García Vega afirma que de los hechos que tenía ante sí la Fiscalía, "no existe justificación alguna para entender que podría tratarse de alguna infracción a algún delito grave". Escrito en cumplimiento de orden, pág. 14. Añade que, incluso, "el Agente Medina cuando expidió la citación oficial nunca incluyó ningún delito grave". Íd. Sus argumentos no nos convencen.

Una lectura de la Oposición a la Moción de Desestimación que presentó el Ministerio Público evidencia que la fiscal encargada del caso tenía

fundamentos para pensar que era necesario descartar la posibilidad de la presentación de cargos por el Art. 7.06 de la Ley Núm. 22-2000, supra. En la moción se relata que del testimonio bajo juramento del agente Medina Rosado surgía que "**tres testigos oculares, entre estos un agente estatal**, no solamente presenciaron cuando el Sr. Garcia [sic] rebasó la luz roja de la intersección Avenida Fernández Juncos con la Avenida Roberto H. Todd en dirección Norte a Sur a eso de las 11:00 p.m., sino que observaron directamente la colisión que el acusado ocasiona con su vehículo de motor sobre el vehículo que manejaba la Sra. Genao". (Énfasis en el original.) Apéndice, pág. 86. Añadió que "dichos testigos tuvieron la oportunidad de observar claramente cuando, por el impacto ocasionado por el vehículo que manejaba el Sr. García, **la Sra. Genao pierde el control de su carro e impacta la vitrina de cristal de la Tienda Makro, localizada en la Fernandez [sic] Juncos, accidente por lo [sic] cual sufrio [sic] pérdida de conocimiento por unos breves instantes, daños físicos, y su carro fuese declarado más adelante pérdida total…**". Íd. (Énfasis nuestro.)

De ese testimonio, que fue posteriormente corroborado por la perjudicada, tenemos que concluir que resultaba razonable que la fiscal del caso entendiera que había la posibilidad de imputarle al recurrido García Vega violación del delito grave estatuido en el Art. 7.06 de

la Ley Núm. 22-2000, supra. Entendemos, al igual que el Ministerio Público, que

> era indispensable determinar, antes de someter los cargos en la vista de determinación de causa para arresto, si el Secretario de Justicia conservaba jurisdicción para procesar criminalmente al [recurrido García Vega], o si debía, por tratarse la querella de posibles imputaciones criminales de delitos grave [sic] contra un Juez del Tribunal de Primera Instancia, transferir el asunto al Panel del Fiscal Especial Independiente para que éste, como un foro neutral e independiente, procediera a dilucidar los actos criminales atribuibles al señor García Vega.

Transcurridos treinta y dos días de referido el caso, el 12 de abril de 2011 la División de Integridad Pública rindió su informe. En este concluyó que las heridas sufridas por la perjudicada no le ocasionaron el grave daño corporal requerido para imputarle al recurrido García Vega un delito grave que pudiera privar al Secretario de Justicia de la autoridad legal para procesarlo penalmente por los demás delitos que son de naturaleza menos grave. Adviértase que, conforme los postulados de la Ley Núm. 2, supra, el Secretario de Justicia podía demorarse noventa días en realizar la investigación. Incluso, si solicitaba prórroga, tenía hasta un máximo de ciento ochenta días. Inevitablemente, en vista del término concedido por el legislador al Secretario de Justicia para realizar la investigación preliminar, en la mayoría de los casos al amparo de la Ley Núm. 2, supra, existe una alta probabilidad de que venzan los términos de juicio rápido, aunque el referido

se haga lo más temprano posible. Considerado todo esto, es evidente que la dilación en exceso de cuarenta días no fue intencional del Estado, en vista de los trámites que acarreó la reprogramación de la Regla 6, como fue la citación nuevamente de los testigos, de la perjudicada y del imputado. Véase, Pueblo v. García Colón I, supra. En Pueblo v. García Colón I, supra, determinamos que una demora de cuatro meses no fue excesiva y hubo justa causa para no presentarse las denuncias dentro del término de sesenta días que dispone la regla.

Con lo anterior, hacemos claro que no avalamos de ninguna manera la dilación intencional para los casos a los que aplique la Ley Núm. 2, supra. El Ministerio Público debe actuar con la mayor premura cuando sospeche que el caso ante sí puede ser de la jurisdicción de la oficina del F.E.I.

A la luz de lo anterior, concluimos que el trámite de investigación preliminar, lejos de ser una gestión ministerial y administrativa insignificante, es un asunto jurisdiccional de umbral directamente relacionado con la autoridad legal del Secretario de Justicia para procesar al recurrido García Vega. No se trató en este caso de una demora institucional atribuible al Estado. Véase, Pueblo v. Rivera Tirado, supra, pág. 435. Nada en la conducta desplegada por el Ministerio Público en este caso es representativo de demoras opresivas o intencionales al proceso.

Por otro lado, el reclamo de violación de los términos de juicio rápido presentado por el recurrido García Vega fue oportuno. Conforme a la Regla 64 de Procedimiento Criminal, supra, "una moción para desestimar basada en lo provisto en esta regla deberá presentarse, excepto por causa debidamente justificada y fundamentada, por lo menos veinte (20) días antes del juicio". Surge del expediente que la celebración del juicio comenzó el 14 de junio de 2011. Por ello, la presentación de la moción de desestimación el 24 de mayo de 2011 se hizo a tiempo, a saber, veintiún días antes de que empezara el juicio.

Finalmente, para sustentar el perjuicio que ha sufrido como consecuencia de la dilación, el recurrido García Vega aduce que "ha experimentado un nivel de incertidumbre y desasosiego provocado por la falta de diligencia del Estado. A eso, se le suma el hecho de que … ha estado sujeto a un fuerte escrutinio público a consecuencia de la posición que ocupa". (Énfasis suprimido.) Escrito en cumplimiento de orden, pág. 17. Añade, que la falta de diligencia del Ministerio Público lo colocó

> en estado de indefensión causándole perjuicio indebido al provocarle un estado de ansiedad y preocupación por la incertidumbre que crea un proceso de esta naturaleza… Esta dilación, además por el transcurso del tiempo reduce las posibilidades de poder establecer una defensa adecuada al hacerse más difícil conseguir testigos y evidencia a su favor.

> Íd., pág. 18. (Énfasis suprimido.)

Sabido es que respecto a este criterio, el imputado no tiene que demostrar estado de indefensión; únicamente que ha sufrido perjuicio. Pueblo v. Valdés *et al.*, supra, pág. 792. Véase, además, Pueblo v. Esquilín Maldonado, 152 D.P.R. 257, 264 (2000). Ahora bien, sobre el descargo de este deber del imputado, el profesor Chiesa señala "que **no se descarga con generalidades**". (Énfasis nuestro.) Íd. Véase, además, Chiesa Aponte, op cit., Vol. II, pág. 153. El perjuicio sufrido **tiene que ser específico**. Es decir, "[n]o puede ser abstracto ni apelar a un simple cómputo de rigor matemático. Tiene que ser real y sustancial". Íd.

En Pueblo v. Esquilín Maldonado, supra, págs. 258-259, señalamos que

> [l]a cantidad de prueba requerida para que una persona demuestre que la dilación del Estado en presentar una acusación en su contra le ha provocado un estado de indefensión —en violación al debido proceso de ley— es la preponderancia de la evidencia. Entre otras, se puede considerar como prueba fehaciente del perjuicio causado por la dilación las circunstancias siguientes: (1) la incapacidad del acusado o testigos para recordar las circunstancias particulares del día de los alegados hechos delictivos; (2) la no disponibilidad, por haber pasado tanto tiempo, de testigos que hubiesen podido declarar a favor del acusado pero que ya se desconoce genuinamente su paradero.

Un análisis de las razones en que el recurrido García Vega se fundamenta para sostener que sufrió perjuicio nos fuerza a razonar que se tratan de generalidades típicas de un proceso penal. En ningún momento el recurrido García Vega ha demostrado con evidencia fehaciente que la

dilación ha contribuido al deterioro de su defensa. Así las cosas, sus argumentos no nos convencen.

Al armonizar el reclamo del recurrido García Vega con los aspectos antes mencionados, concluimos que hubo justa causa para la dilación en los términos de juicio rápido consagrados en la Regla 64(n)(2) de Procedimiento Criminal, _supra_. Los términos de juicio rápido no son prisioneros de la tiesa aritmética de la regla. Si bien el derecho a juicio rápido es de rango constitucional, los plazos que se entienden razonables para presentar una acusación son estatutarios con fuente en las Reglas de Procedimiento Criminal. Por consiguiente, concluimos que en este caso no se configuró una violación del derecho a juicio rápido del recurrido García Vega.

V

Por los fundamentos señalados se expide el auto de _certiorari_ y se revoca la sentencia del Tribunal de Apelaciones de 13 de diciembre de 2011, que confirmó la desestimación del pliego acusatorio presentado contra el recurrido Roberto L. García Vega. Se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de San Juan, para que continúe con los procedimientos conforme a lo aquí resuelto.

Se dictará Sentencia de conformidad.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.

                         CC-2012-0038

Roberto L. García Vega

    Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 10 de septiembre de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se expide el auto de <u>certiorari</u> y se revoca la sentencia del Tribunal de Apelaciones de 13 de diciembre de 2011, que confirmó la desestimación del pliego acusatorio presentado contra el recurrido Roberto L. García Vega. Se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de San Juan, para que continúe con los procedimientos.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. El Juez Presidente señor Hernández Denton no interviene.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo